ED. HERSHISER, PLAINTIFF IN ERROR, V. FRANK DELONE & CO., DEFENDANTS IN ERROR.

1. **Petition:** MOTION TO STRIKE. A motion to strike a petition from the files is proper only in cases where there is defect in matters of form required by the statute, such as a defective verification.

2. ———: VERIFICATION. Objections to the verification of a petition being merely technical, must be made before objections are made to the matter in the petition itself, or the defect will be waived.

3. **Motions.** A second motion based upon substantially the same grounds as the first cannot be filed except by leave of court, and should not be permitted except for sufficient cause.

4. **Affidavit.** An affidavit to a petition, and also for writ of replevin, was signed, "Frank Delone & Co., per P. B. Murphy, Ag't," the affidavit otherwise being in proper form. *Held*, That while the names of the principals should have been omitted, yet, as the affidavits were properly sworn to by the agent, they were sufficient.

5. **Evidence** examined, and *Held*, To sustain the verdict.

6. **Replevin:** VERDICT. Where the word "possession" is omitted from the verdict in an action in replevin, but the special findings of the jury and the evidence show that the plaintiff is the owner of the property, and entitled to the possession thereof, the verdict will not be set aside because of the defect.

ERROR to the district court for Holt county. Tried below before TIFFANY, J.

*Uttley, Benedict & Sisley,* for plaintiff in error.

*N. D. Jackson,* for defendants in error.

BY THE COURT.

This is an action of replevin brought by the defendants in error against the plaintiff, to recover certain barrels and

half barrels of intoxicating liquors, described in the petition. The verification of the petition is as follows :

"STATE OF NEBRASKA, }
     HOLT COUNTY.         } ss.

"P. B. Murphy, being first duly sworn, on his oath says, that he is the duly authorized agent of the plaintiff in the above entitled action; that said plaintiff is a non-resident of Holt county, and is absent therefrom ; that he has personal knowledge of the facts stated in the foregoing petition; that he has read the foregoing petition, and that the facts therein set forth are, as affiant believes, true.

"FRANK DELONE & Co.,
"per P. B. MURPHY, *Agent.*"

"Subscribed in my presence and sworn to before me this 2d day of March, 1885.

"DAVID ADAMS.
" *Notary Public.*"

The defendant filed a motion " to dismiss this cause, for want of description of property, and for other causes apparent on the face of the papers." This motion was overruled, and the order overruling the same is now assigned for error.

We think the motion was properly overruled. A motion to strike a petition from the files is proper only where some formality required by the statute has been omitted—such as the failure to verify the petition. The want of sufficient description of property involved in an action may require a more specific statement, and form the grounds of a motion therefor, and perhaps in some cases may render the petition liable to a demurrer, but is not a defect to be cured by a motion to strike the petition from the files. The words, " for other causes apparent on the face of the papers," are of no avail, as the grounds of a motion must be distinctly pointed out. That part of the motion, therefore, was surplusage.

2. The defendant then appeared and filed a second motion to dismiss the action, and assigned as grounds therefor the following: "The plaintiffs herein are partners, and non-residents of Holt county, and no security for costs has been given as required by law.

" 2d. There is no proper verification to the petition, as required by law.

" 3d. There is no proper affidavit filed in this case, as required by law.

" 4th. The affidavit filed in this case is not signed and sworn to, as required by law.

" 5th. There is not a sufficient description of the property in the affidavit or petition filed in this case, or the order of delivery issued herein, to enable the officer to identify it."

The verification of the petition should have been signed by the agent alone, and not in the name of Frank Delone & Co., and the affidavit for replevin, when made by an agent, should be signed by him and not in the name of his principal. An objection to the verification of a petition being merely technical, is waived by any act of the defendant which recognizes the verification as being in proper form—such as a motion to make a more specific statement of facts, etc. The defendant, therefore, by filing his previous motion, based upon other grounds than the defective verification, thereby waived such defect. In addition to this, the verification of the petition and affidavit for replevin, although signed, "Frank Delone & Co., per P. B. Murphy, agent," is sufficient, it being apparent that the required oath in both cases was made by said Murphy as agent.

We know of no rule that will permit a defendant, without leave of court, to file two or more motions to a petition based upon substantially the same grounds. The second, third, fourth, and fifth grounds of the motion, therefore, were properly overruled, and as the plaintiffs

below were non-residents of the county, it was their duty to give security for the costs, which was done. There is no error, therefore, in the ruling of the court on the motion.

The defendant below thereupon filed an answer, justifying his action in the premises, as follows: "That on or about the 28th of February, 1885, by virtue of two orders of attachment duly issued out of the county court of Holt county, Nebraska, one in favor of M. M. Sullivan, and against one John Coonin, and one in favor of Barnet & Frees, and against John Coonin, he levied upon the following described goods and chattels as the property of said John Coonin, viz.: One bbl. of old B. whiskey, one bbl. of Keller B. W., ½ bbl. gin, ½ bbl. B. brandy, five gals. Cognac brandy, five gals. Catawba wine, ½ gross pt. flasks, ½ gross ½ pt. flasks, 1 doz. sideboard decanters.

"2d. That at the time of making the levy of said attachment upon said goods, they were in the freight depot of the Fremont, Elkhorn & Mo. Valley R. R. at O'Neill station, and were marked and billed to the defendant in said attachment suits, John Coonin, and one Dyer, in the partnership name of Coonin & Dyer.

"3d. That said attachments were prosecuted to a final judgment, and said property ordered sold as required by law, to satisfy the judgments of the plaintiffs in said attachment suits.

"4th. That the defendant, by virtue of the office of sheriff of Holt county, Nebraska, which he then held, and the orders of attachment heretofore issued, as therein set forth, held the goods herein specified as the property of John Coonin, the defendant in said attachment suits, and that the property was of the value of $175."

On the trial of the cause the jury returned a verdict as follows:

"We, the jury in this case, being duly empaneled and sworn in the above entitled action, do find that, at the com-

mencement of this action, the right of property and the right of ———— said property was in the plaintiff, and that the value of said property is $250, and we assess the damages of the plaintiff in the premises at the sum of $250, with interest thereon at seven per cent from February 25, 1885, amounting in all to $266.30.

"D. V. Coe,<br>
" <i>Foreman.</i>"

At the same time that the jury retired to deliberate upon their verdict, the following questions were submitted in connection therewith for them to answer :

"1st.    Did Frank Delone & Co., the plaintiffs herein, sell the goods in controversy to the defendant in execution, Coonin & Dyer, in the ordinary course of business? Answer.    Yes.

"D. V. Coe,<br>
" <i>Foreman.</i>"

" 2d.    Were such goods to be delivered by said Frank Delone & Co., plaintiffs, to the railroad company for transportation to the said Coonin & Dyer, at O'Neill, in the usual and ordinary course of business?    Answer.    Yes.

"D. V. Coe,<br>
" <i>Foreman.</i>"

" 3d.    Did said Frank Delone & Co., plaintiffs, deliver said goods to the railroad company for shipment in the ordinary course of business?    Answer.    Yes.

"D. V. Coe,<br>
" <i>Foreman.</i>"

" 4th.    Were said goods, prior to the levying of the orders of· attachment against said Coonin, and while in transit, stopped by said Frank Delone & Co., plaintiffs? Answer.    Yes.

"D. V. Coe,<br>
" <i>Foreman.</i>"

5th.    "Do you find from the evidence that the goods claimed by the plaintiffs herein are the identical goods

taken by the defendant upon the orders of attachment against Coonin? Answer. Yes.

"D. V. Coe,<br>"Foreman."

A motion for a new trial was overruled and judgment entered on the verdict.

It is claimed that the evidence fails to sustain the verdict.

The testimony tends to show that, in December, 1884, Delone & Co., through their agent Murphy, sold to Coonin & Dyer the intoxicating liquor described in the petition and answer, and that the liquor was shipped from Omaha to their address at O'Neill; that Coonin & Dyer had intended to open a saloon at some point south of O'Neill, but afterward abandoned the project, and in consequence thereof, in January, 1885, wrote to Delone & Co., at Omaha, stating the facts, and saying that in consequence thereof they would not receive the liquor; the liquor was permitted to remain in the railroad company's warehouse at O'Neill, apparently until Murphy, the agent of Delone & Co., should visit that part of the state and dispose of it. While the liquor was in this condition, certain attachments were issued against the property of Coonin, and the liquor in question levied upon as his. There is an entire absence of testimony to show that Coonin & Dyer had accepted this liquor, or any part of it. The verdict, therefore, is not only responsive to the evidence, but the only one which the jury would have been justified in rendering.

4. Objections are made to the form of the verdict, because the word "possession" is omitted from it. This, however, in view of the special findings and testimony, is not fatal. The testimony shows that Delone & Co. were the owners of the liquor in controversy at the time the action of replevin was instituted, and that Coonin & Co. had no interest in such liquor, and that therefore the sheriff levied upon property which was not liable to be taken un-

der the order of attachment in that case, and therefore he was not entitled to the possession. The defect in the verdict, therefore, will not aid the sheriff, nor does it require a reversal of the judgment. The judgment of the district court is clearly right, and is affirmed.

JUDGMENT AFFIRMED.