[Civil No. 1490.  Filed June 2, 1916.]

[157 Pac. 976.]

JENNIE R. ROUILLIER, Executrix of the Estate of A. E.
ROUILLIER, Deceased, Appellant, v. A. & B. SCHUS-
TER COMPANY, a Corporation, Appellee.

1. APPEAL AND ERROR — REVIEW OF EVIDENCE — NECESSITY OF MOTION
FOR NEW TRIAL.—Under Civil Code of 1913, paragraph 1231, pro-
viding that on appeal from a final judgment all orders and rul-
ings assigned as error shall be reviewed, whether a motion for new
trial is made or not, failure to move for new trial does not pre-
clude the supreme court from considering the sufficiency of the evi-
dence to support the judgment.

2. APPEAL AND ERROR—REVIEW—SUFFICIENCY OF EVIDENCE.—In deter-
mining the sufficiency of evidence to support the judgment, the su-
preme court will not consider the fact that it would have reached a
different conclusion from that of the trial court, but will determine
only whether the judgment is reasonably supported by any sub-
stantial evidence.

3. GUARANTY—EVIDENCE—SUFFICIENCY.—In an action against defend-
ant for goods sold and money loaned at his special instance and
request to another, evidence examined, and held insufficient to
charge defendant, directly or indirectly, to answer for the debt of
such other.

[As to contract of guaranty, see note in 105 Am. St. Rep. 502.]

APPEAL from a judgment of the Superior Court of the
County of Apache.  F. W. Perkins, Judge.  Reversed and
remanded.

Mr. Isaac Barth, for Appellant.

Mr. Fred W. Nelson and Mr. E. S. Clark, for Appellee.

FRANKLIN, J.—This is an action upon an account for
goods sold and delivered and money loaned to one Dionicio
Duran by A. & B. Schuster, a corporation, and A. & B.
Schuster, a copartnership, the account of the copartnership
having been assigned to the corporation which brought the
action.  It is claimed that the goods sold and delivered and
the money loaned to Duran was at the special instance and

request of one A. E. Rouillier. The action was originally brought against the said Rouillier and the said Duran, but was subsequently dismissed as to Duran. Pending the action the said Rouillier died, and his executrix, Jennie R. Rouillier, substituted as defendant. From a judgment for plaintiff, defendant appeals. To dispose of the case it is necessary only to consider the claim of appellant, which is urged insistently, that the law and the evidence do not justify the judgment.

The appellee claims, however, that this court may not consider the evidence because there was no motion for a new trial made in the lower court. This contention is not well founded. Section 1231, Rev. Stats. 1913. This is the only argument made in support of the judgment; it is not claimed by appellee that there is any substantial evidence whatever in the record tending to support the judgment. The cause was tried to the court sitting without a jury, and the judge has certified the reporter's transcript to be correct. The said Duran has been engaged in the sheep business in Apache county for many years, and appears to have been trading with the A. & B. Schuster Company, a copartnership, for some twenty years last past. It is also disclosed that, during the time the account sued upon was run by Duran, he had rented a band of sheep from Rouillier for a period of five years on shares; the said Rouillier was living in New Mexico during this time. The agreement providing that Duran should pay all the expenses of running the sheep, including taxes, and to give as rental for the sheep two and one-half pounds of wool for each sheep each year, delivered at Holbrook, Arizona, during the month of June or July of each year, and at the end of five years to return to Rouillier 2,291 ewes and 2,141 lambs, the said Duran to have all of the sheep over that number. We have examined the record, and agree with the appellant there is no evidence fairly tending to support the judgment. In arriving at this conclusion this court is of course governed by the well-known rule that the supreme court will not weigh the evidence to determine whether or not it would have reached a different conclusion from that of the trial court, confining ourselves to ascertain only whether or not the judgment is reasonably supported or justified by any substantial evidence.

There is no evidence tending to show that the said Rouillier bought any of the goods or received any of the money loaned, or either directly or impliedly authorized anyone in his behalf or on his account to do so, nor is there any evidence tending to show that said Rouillier, either directly or indirectly, by memorandum in writing or otherwise, authorized anyone to charge him with answering for the debt of Duran, nor did he charge himself to answer for the debt.   On the other hand, even had he requested the partnership to deliver goods and loan money to Duran with the promise that he would pay, it is extremely doubtful if the corporation could deliver goods and loan money to Duran and recover on the strength of the promise made to the partnership.   So, on the other hand, if Rouillier, by memorandum in writing by himself or someone thereunto duly authorized, had promised to answer for a debt due by Duran to the partnership, we do not believe the law would justify the corporation in charging Rouillier with the payment of a debt contracted by Duran with it.   From any viewpoint the plaintiff ought not to recover.   It has fastened upon the wrong defendant to pay its claim, and it would be the height of an injustice to compel the estate of Rouillier, deceased, to pay the obligations of Duran without any legal reason justifying such a course.

The judgment must be reversed and the cause remanded, with instructions to dismiss the action.

It is so ordered.

ROSS, C. J., and CUNNINGHAM, J., concur.
XVIII Ariz.—12