## No. 9615.

### BOLLEN ET AL. *v.* WOODHAMS ET AL.

1. PLEADINGS—*Sham Plea,* is one which is good in form but false in fact.

2. ——*Motion to Strike,* as sham, should be granted only on the most careful consideration.

The motion should precede a demurrer.

3. PRACTICE IN ERROR—*Presumptions.* Where a reply is held sham, upon evidence not presented in the record, the court of review must presume such evidence sufficient.

*Error to Denver District Court, Hon. Henry J. Hersey, Judge.*

Mr. GEORGE F. DUNKLEE and Mr. EDWARD V. DUNKLEE, for plaintiff in error.

Mr. JOHN T. BARNETT and Mr. JOHN CAMPBELL, for defendants in error.

Mr. Justice Denison delivered the opinion of the court.

THIS was a suit by Bollen, plaintiff below, against Woodhams and the Bonding Company on an injunction bond. The court sustained defendant's motion to strike the replication as a sham, and for judgment on the pleadings, and plaintiff brings error.

The third defense in the answer was a plea of *res adjudicata.* It alleged a previous judgment in plaintiff's favor, on the same bond, for damages caused by the same injunction, and satisfaction of such judgment. A demurrer to this plea was overruled.

If the replication was a sham it was properly stricken out, and then, if the answer was good (and it had already been held good on demurrer), there was nothing to do but render judgment for defendant, because, under such circumstances, no other judgment was possible.

The first question, then, is whether the replication was a sham. A sham pleading is one good in form but false

in fact. The replication to the third defense consisted of denials. If there was a record of such a judgment as was pleaded the replication was false. The court found it was false upon evidence that is not here by bill of exceptions and which we must therefore presume was sufficient.

A motion to strike a pleading as sham should be granted only with the most careful consideration because it supersedes the trial of the issue, but, if ever proper, such motion is so in a case where the trial is by record.

But plaintiffs insist that the said third defense was bad and their demurrer thereto should have been sustained. We think not. The plea states that the question of damages on the injunction bond was litigated and determined between these same parties on a cross-bill in the injunction suit. If that is true it bars this suit.

After demurrer overruled the plaintiff moved to strike out parts of the answer and the motion was denied. This was right. The motion to strike should have preceded the demurrer (31 Cyc. 633, 660), and was waived by pleading over. *Sweet v. Barnard*, 66 Colo. 526, 182 Pac. 22.

The motion here seems to be intended as a substitute for a demurrer, i. e., to test the sufficiency of the facts alleged. The function of the motion to strike is to clear away rubbish and so clarify the issues, not to test the sufficiency of a pleading.

Since what has been said requires an affirmance, we do not notice other points.

The judgment should be affirmed.

Garrigues, C. J. and Burke, J., concur.

Decided April 5, A. D. 1920. Rehearing denied June 7, A. D. 1920.