[Civil No. 2251.    Filed May 22, 1925.]

[236 Pac. 693.]

E. A. TOVREA & COMPANY, a Corporation, Plaintiff and Appellant, v. JOHN DEGNAN, Defendant, ARIZONA PACKING COMPANY, a Corporation, Garnishee and Appellant; CITY NATIONAL BANK, Intervener and Appellee.

PLEADING—FAILURE TO VERIFY ANSWERS DID NOT ENTITLE COMPLAINANT TO JUDGMENT WHERE QUESTION WAS NOT RAISED AT TRIAL.— Where answers to verified complaint in intervention were not verified, but issues raised were accepted, and trial continued along that line without objection to irregularity, complainant *held* not entitled to judgment under Civil Code of 1913, paragraph 477, especially in absence of any showing of prejudice.

See (1) 51 Cyc., p. 732.

MOTION for rehearing on appeal from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Motion denied.

For opinion, see 27 Ariz. 539, 234 Pac. 820.

Messrs. Kibbey, Bennett, Gust, Smith & Lyman, for Appellants.

See 2 R. C. L. 87; 21 R. C. L. 559.

Messrs. Alexander & Christy and Mr. Hess Seaman, for Appellee.

ROSS, J.—The appellee, City National Bank, in its motion for rehearing complains because we did not in our opinion discuss its contention that, because the complaint in intervention was verified and the answers of garnishee and garnisher thereto were not verified, but were only general denials, it was entitled to judgment under paragraph 477 of the Civil Code of 1913, for the want of a proper answer to its complaint.

We think it due counsel that we pass on the point made, and that is mainly the reason we now consider it. It is never our purpose intentionally to ignore any debatable question presented by counsel. The paragraph of the statute referred to provides when equitable relief is prayed for in the complaint, and the complaint is verified, and the material allegations thereof not denied under oath, unless such denial is waived in the complaint, it shall be taken as confessed. The point now made was not raised at the trial. The answers of the garnishee and garnisher to the intervener's complaint were treated by all the parties as raising the issue of the right of property in the funds in controversy, and the case was fought out at the trial along that line. If the intervener wanted to waive the verified answers, we do not think the expression of such a consent in the complaint the only method in which it could be done. It could just as effectively be done by proceeding with the trial upon a general denial without objection. The omission to verify answers was at most an irregularity not going to the merits of the controversy, and in no way prevented the intervener from presenting its whole case. Besides, it is a policy now regarded as a rule of almost universal application in the code states

to allow great liberality of amendment in the forming of the issues, so that disputed questions may be tried out on their merits. We cannot see how the intervener could have been prejudiced. We say this much of the point made by the appellee, without passing upon the question as to whether this is the kind of a case contemplated by paragraph 477, requiring the answer to be under oath when the complaint seeks equitable relief and is verified.

Counsel, with unfeigned earnestness, also contend that our opinion disregards the well-established rule in this state that we will not disturb the findings of fact of the trial court. We omitted to state in our opinion that the facts were undisputed, and the only question was the construction that should be placed on them. The lower court placed one construction on the facts and we another. The legal conclusions from the facts differed, but there could be no difference as to the facts themselves.

We said, in effect, granting that Degnan sold draft to intervener bank, and that the bank bought it paying for it its face value, the evidence showed later the consideration was with the consent of Degnan, and the Tri-State Cattle Company repaid the bank by its act of charging the amount to the Tri-State Cattle Company and crediting itself therewith; that the transaction as disclosed by the evidence amounted to this seems conclusive.

It is also said we were "clearly under a misapprehension as to the facts of the case in that the testimony of Ernestine McMahon, the agent of the Tri-State Cattle Company, has been completely disregarded." This witness testified to preparing the draft in question under the direction of Andreas, vice-president of the intervener bank. The abstract of her testimony does not show that she was the agent of the Tri-State Cattle Company. Since the motion for rehearing was filed, in which so much is made of this

witness' testimony, we have examined the original deposition, and from that we learn for the first time that she was the secretary of the Tri-State Cattle Company. That it now turns out that Mrs. McMahon was representing the Tri-State Cattle Company, and as such representative filled out draft as directed by the vice-president of the bank and Degnan, and acquiesced in the proceeds thereof being credited to the Tri-State Cattle Company, cannot, as a legal proposition, vest in such company any interest in the draft, since all the testimony is to the effect that draft was sold to the bank, if anyone. If the bank did buy draft, the transaction shows to our satisfaction that as soon as it learned of the drawee's refusal to pay draft, it took immediate steps to recover the consideration, and did so with the consent of the Cattle Company and Degnan, and Degnan, if he ever parted with the title to draft, was reinvested with such title.

This further investigation into the evidence and the law satisfies us that we reached the right conclusion in our opinion, and we therefore deny the motion for a rehearing.

McALISTER, C. J., and LOCKWOOD, J., concur.