[Civil No. 2565. Filed September 19, 1927.]

[259 Pac. 402.]

MARIE E. HALL, Appellant, v. HERBERT S. HALL, Appellee.

Mr. Arthur L. Goodman, Mr. N. T. M. Melliss and Mr. Harry I. Howard, for Appellant.

Mr. J. Early Craig, Mr. Stanley A. Jerman and Mr. Gaines Hon, for Appellee.

LOCKWOOD, J.—Marie E. Hall, hereinafter called plaintiff, brought suit against Herbert S. Hall, hereinafter called defendant, on a judgment for $3,100, which she had recovered against him in the state of Missouri. The complaint set up the Missouri judgment *in haec verba,* alleged that five hundred dollars only had been paid thereon, and asked for a judgment for two thousand six hundred dollars. Defendant answered with a demurrer, a general denial, and a plea of accord and satisfaction and payment. Plaintiff then replied and, by way of special defense to the plea of payment and satisfaction, set up that the settlement was secured by fraud on the part of defendant. Defendant then filed a third amended answer, which was substantially like the first, and a cross-complaint praying that the plaintiff be ordered to satisfy the judgment of record in the state of Missouri. All these pleadings were unverified except plaintiff's reply. A garnishment was also levied and the garnishee answered, asking for the allowance of a fee therefor.

The case was tried before the court. Plaintiff introduced the judgment record from Missouri and then moved for judgment on the pleadings. The motion was denied, and evidence was then introduced by both parties on the issues of accord and satisfaction, and payment, and fraud. Thereafter the court filed findings of fact which sustained fully the defense of accord and satisfaction and payment, and rendered judgment for defendant, ordering that plaintiff pay a garnishee fee of $25 and satisfy the Missouri judgment of record. From this judgment plaintiff has appealed.

There are five assignments of error which raise but two points of law. The first one is that the court should have rendered judgment for plaintiff on the pleadings. This is based on the follow-

ing theory. Plaintiff in her complaint set up the Missouri judgment. Defendant pleaded in answer thereto an accord and satisfaction and payment. Neither pleading was verified. Plaintiff then replied that the accord and satisfaction was obtained by fraud, and that the consideration had failed. This pleading was verified. Plaintiff contends she was required to verify her reply, under paragraph 476, subdivision 9, Revised Statutes of Arizona of 1913, Civil Code, which reads as follows:

"476. Any answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit. . . .

"(9) That a written instrument upon which a pleading is founded, is without consideration, or that the consideration of the same has failed in whole or in part."

She then claims that unless defendant denies such plea of failure of consideration under oath, it must be taken as confessed, under paragraph 477, Revised Statutes of Arizona of 1913, Civil Code, which is in the following language:

"In all cases where equitable relief is prayed, if the party asking for such relief . . . shall make oath that the allegations of the complaint . . . are true . . . the answer of the opposite party shall be under oath and each one of the material allegations of the complaint which is not denied under oath shall be taken as confessed."

Technically speaking, the verified pleading filed by plaintiff was neither an answer nor complaint, but a reply, setting up new matter as a defense to defendant's plea of an accord and satisfaction and payment. If, as urged by plaintiff, we are nevertheless to take it as in reality an amendment to and part of her original complaint, it is taken as denied by the terms of the answer, under paragraph 484, Revised Statutes of Arizona of 1913, Civil Code. The

proper manner to take advantage of a failure to verify a pleading is by motion to strike. *Newburn* v. *Lucas,* 126 Iowa 85, 101 N. W. 730; *Drum* v. *Whiting,* 9 Cal. 422; *Lehane* v. *Keyes,* 2 Nev. 361.

And if parties proceed with a hearing on the merits without such motion, the verification is deemed waived. *Speer* v. *Craig,* 16 Colo. 478, 27 Pac. 891; *Hershiser* v. *Delone,* 24 Neb. 380, 38 N. W. 863.

Plaintiff, not having moved to strike the answer, or any part thereof, and having gone to trial on the merits, waived the failure to verify, if, indeed, such verification was required, and the motion for judgment on the pleadings was properly denied.

The second question is as to the sufficiency of the evidence to sustain the findings and judgment. We have held in almost innumerable cases, ever since territorial days, that where there is reasonable evidence in the record to sustain the findings of the trial court, we will not set them aside, nor will we weigh the testimony of the witnesses, where the trial court has necessarily passed on their credibility. *Barter* v. *Pima County,* 2 Ariz. 88, 11 Pac. 62; *Miller* v. *Green,* 3 Ariz. 205, 73 Pac. 399; *Sandoval* v. *Randolph,* 11 Ariz. 371, 95 Pac. 119; *Thomas* v. *Newcomb,* 26 Ariz. 47, 221 Pac. 226.

This is the rule, even though we feel we might, as trial judges, have arrived at a different conclusion. *Leeker* v. *Leeker,* 23 Ariz. 170, 202 Pac. 397; *Rouillier* v. *A. & B. Schuster Co.,* 18 Ariz. 175, 157 Pac. 976; *Nicolai* v. *Sugarman Iron & Metal Co.,* 23 Ariz. 230, 202 Pac. 1075.

We have read the entire reporter's transcript with care. Plaintiff testified to matters which, if true, would have justified the trial court in finding for her. Her testimony was corroborated in a great degree by three other witnesses. Defendant's evidence, on the other hand, fully sustains the judgment as rendered. He was corroborated in some degree by

another witness and by certain of the testimony of plaintiff. On this state of the record we cannot, under the rule above stated, say the findings and judgment were not sustained by the evidence. This disposes of the objection to the allowance of the garnishee's fee. The judgment is affirmed.

ROSS, C. J., and McALISTER, J., concur.