[Civil No. 4020. Filed June 26, 1939.]

[91 Pac. (2d) 870.]

MARIA LUISA AVILES MENDEZ, an Infant, by JOSEFA DOMINGUEZ AVILES, Her Guardian Ad Litem, Appellant, v. EDWARD MOYA and PAULINE MOYA, Husband and Wife, and ALVIN RICHARD WILSON and DESSIE D. WILSON, Husband and Wife, Appellees.

Mr. Stephen D. Monahan, for Appellant.

Messrs. Duffy & Robins, for Appellees.

LOCKWOOD, J.—Maria Luisa Aviles Mendez, hereinafter called plaintiff, has appealed from an order of the superior court of Santa Cruz county, granting the motion of Edward Moya, Pauline Moya, Alvin Richard Wilson and Dessie D. Wilson, hereinafter called defendants, for a new trial.

The facts necessary for a determination of the issue involved on the appeal may be stated as follows: Plaintiff, through her guardian *ad litem*, had brought suit against defendants for injuries resulting out of an automobile accident which she alleged was caused by the negligence of defendants. The case was tried to a jury, which returned a verdict in favor of plaintiff in the sum of $1,500, and judgment was duly entered on the verdict. Thereafter defendants moved for a new trial on the following grounds:

"1. For the reason that excessive damages appear to have been given under the influence of passion or prejudice.

"2. That the verdict and the judgment is not justified by the evidence and is contrary to law."

The court, after considering the matter, entered the following order:

"It is now by the Court ordered that defendants' Motion for a new trial, heretofore taken under advise-

ment on January 14th, 1938, be, and the same is hereby granted for the reason that the plaintiff failed to prove at the trial of the case the co-partnership of the defendants as alleged in paragraph III of the Amended Complaint.''

and it was from this order the appeal was taken.

 The question before us is whether the trial court abused its discretion in granting the motion. It is, of course, the rule that when a motion for a new trial is granted every reasonable presumption is in favor of the order of the trial court, and unless it affirmatively appears from the record that it has abused its discretion, the order should be sustained. *Young Mines Co., Ltd.*, v. *Citizens' State Bank,* 37 Ariz. 521, 296 Pac. 247. It is also true that if a motion for a new trial is based on a number of grounds, and it is granted in general terms, if any of the grounds set up would sustain the order, we must presume that the court granted it on those grounds. *Brownell* v. *Freedman,* 39 Ariz. 385, 6 Pac. (2d) 1115. On the other hand, if the court in the order expressly states the grounds upon which it is granted, we must determine the appeal upon the issue of whether the particular ground stated would justify the granting of the motion. *Young Mines Co., Ltd.,* v. *Citizens' State Bank, supra.*

 In the present case, the record shows the motion was granted solely because the plaintiff failed to prove at the trial of the case that the defendants were copartners, as alleged by the complaint. Since the reporter's transcript was not made a part of the record on appeal, we must, of course, presume that the court was correct in its statement that the plaintiff had failed to prove this fact, nor, indeed, does plaintiff deny that this is true. She contends, however, that under the pleadings and the law, it was not necessary for her to introduce evidence tending to sustain the

allegation of partnership. The complaint on which the case was tried alleged as follows:

"Upon information and belief that at all times hereinafter mentioned the said defendants were co-partners doing business under the name and style of Wilson's Bakery in Nogales, Arizona, Santa Cruz County, Arizona."

The answers admitted the residence of plaintiff and defendants, but denied generally all the remaining allegations of the complaint. These answers were not verified. Section 3782, Revised Code of 1928, reads, so far as material, as follows:

"*Verification of answer.* An answer setting up any of the following matters, unless the truth of the pleading appear of record, shall be verified by affidavit: . . . 5. A denial of partnership, or of incorporation, of the plaintiff or defendant. . . . "

It is urged by plaintiff that the failure of the defendants to verify their answers was, as a matter of law, an admission of the allegations of the complaint in regard to the partnership, so that it was not necessary to offer any proof upon this issue. In support of her contention, she cites us to the case of *Daggs* v. *Phoenix Nat. Bank,* 5 Ariz. 409, 53 Pac. 201, 205. This case was determined when the code of 1887 was in effect. Section 735 of that code reads, in part, as follows:

"Any answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit: . . .

"6. A denial of partnership as alleged in the complaint, whether the same be on the part of the plaintiff or defendant.

"7. That the plaintiff or the defendant alleged in the complaint to be duly incorporated, is duly incorporated as alleged."

This is, in substance, the same as section 3782, *supra.*

In the case just cited, as in the present one, the answer was an unverified general denial. The court said:

" . . . The general denial made by the defendant in error by way of reply to the counter-claims set up in the answers of the plaintiffs in error was sufficient, although not verified, to put the plaintiffs in error upon proof, except as to any matter pleaded therein which by paragraph 735, Revised Statutes, is required to be denied under oath. . . . "

We think this implies that it is not necessary for the plaintiff to offer proof of any matters set up in his complaint which are required by the statute to be denied under oath by the defendants, but that so far as such matters are concerned, the failure to verify an answer is an admission of the correctness of the allegations of the complaint on those points. We reaffirm this rule.

In many cases it happens that there are a number of facts essential to the maintenance of a cause of action, about the existence of which there is usually no real dispute between the parties, but which nevertheless must be formally alleged and proved. The various defenses set forth in section 3782, *supra,* are of this class. The law recognizes this situation, and in order to avoid a useless waste of time and expense has provided, in substance, that unless the existence of the facts is put in issue by a verified answer, it will be assumed that they are true and there is no issue between the parties in regard to them, and that the plaintiff, therefore, will be under no necessity of wasting the time of the court by bringing witnesses at a considerable expense to prove what is not in issue. If a defendant intends to contest the truth of an allegation of the class referred to, he must verify his denial, and the plaintiff is thereby notified that it will be necessary for him to produce evidence to sustain the

allegations of his complaint on these points. Plainly this rule is logical and in the furtherance of speedy trials, reduction of cost and a determination of actions on the merits.

Defendants, indeed, do not question the general rule of law as we have thus laid it down, but claim that we must presume the plaintiff has waived the necessity of the verification of the answer on the question of partnership.

In the case of *Tovrea & Co.* v. *Degnan*, 28 Ariz. 183, 236 Pac. 693, we have held that the want of verification of a pleading, and its effect as an admission, may be waived by the parties through their conduct at the trial, and that it is not necessary that such waiver be expressed in any formal manner. This rule is supported by many authorities from other jurisdictions, and we think it is a just one. As we have said, the purpose of requiring a verification, in cases like the present one, is to enable the parties to determine on what issues it will be necessary to present evidence, and if at the trial the question arises as to whether the fact, which would ordinarily be admitted by the absence of the verification, does exist, and the parties have an opportunity to litigate the question and do so, we think it amounts to a waiver of the necessity of a verification of the answer, and that such lack of verification does not then, as a matter of law, amount to an admission of the allegations of the complaint on such point.

In the present case, unfortunately the reporter's transcript is not before us, and we are unable to determine exactly what occurred during the trial. We do find, however, from the minute entries that when the plaintiff rested her case, the defendants moved that the jury be instructed to return a verdict in their favor for the reason that there was no evidence that the de-

fendants, Alvin Richard Wilson and Dessie D. Wilson, were partners in the operation of the bakery business referred to in paragraph 3 of the complaint. The matter was fully argued, and the motion for a directed verdict was denied. Whether the motion was denied because the court felt that the failure to verify the answer amounted to an admission of the partnership, or whether it was because evidence had been presented which, in the opinion of the court, was sufficient to take the question to the jury, we cannot say. The case proceeded and much evidence was presented on behalf of defendants and also for plaintiff in rebuttal. It was then submitted to the jury which, as we have stated, returned a verdict in favor of plaintiff. Thereafter the motion for new trial was made and granted by the trial court.

 If, before the trial was concluded, it appeared that the alleged partnership was a disputed issue, and the parties offered evidence on that point, it would amount to a waiver of the rule in regard to pleadings, above set forth. We cannot determine whether the court granted the motion for new trial on the question of the pleadings, or upon the insufficiency of the evidence, and such being the case, we must presume that it acted upon the theory which would justify its course.

 Under our practice, courts are desirous of determining cases upon the merits, rather than upon matters of procedure. *Tovrea & Co.* v. *Degnan, supra.* If we sustain the order of the trial court, the only effect will be to require a reexamination of the issues of fact, while if we overrule its action, the result may be to cause a judgment which is unjust on the merits to become final on account of a defect in procedure only.

Plaintiff also urges the sufficiency of the complaint, even if the allegation of partnership be stricken. The

trial court took the contrary view, and we cannot say it was wrong.

On the whole case, we are of the opinion that the order granting a new trial should be affirmed.

ROSS, C. J., and McALISTER, J., concur.