166 P.2d 584

**COLBOCH v. AVIATION CREDIT CORPORATION.**

No. 4771.

Supreme Court of Arizona.

Feb. 25, 1946.

John W. Corbin and Herbert Watson, both of Phœnix, for appellant.

Dodd Greer, of Holbrook, for appellee.

MORGAN, Judge.

Plaintiff-appellee filed suit for balance due from defendant-appellant Colboch on certain promissory notes, and to foreclose chattel mortgage securing the indebtedness. It was alleged that the original debt of $24,033 had been reduced by various payments, leaving a net balance due of $1,995.53, with interest thereon, and an additional sum of $100 for expenses incurred by plaintiff in search for the mortgaged property. The prayer was for judgment for $2,600, with interest, and that the mortgaged property be sold and the proceeds applied on the amount adjudged to be due. The rights of other defendants mentioned in the complaint need not be considered.

On February 17, 1944, the following demand for bill of particulars and itemized statement was made by defendant: "Comes now the defendants herein and hereby

make a demand for an itemized statement and bill of particulars of the account or items of indebtedness herein."

On the same date, the following unverified answer was filed: "Comes now Troy L. Colboch, and other defendants herein, and denies generally and specifically each and every allegation in said complaint contained."

On February 19 plaintiff served and filed motion for judgment on the pleadings, upon the ground that the answer was sham and frivolous and did not comply with the rules of procedure. No motion was made to strike the demand for bill of particulars or the answer, nor does any order appear showing any definite disposition of either the motion or the answer.

The cause was not set for trial, but the record discloses that at the calendar call on March 1st the court ordered that plaintiff take judgment as prayed for in its complaint, and that the mortgage be foreclosed. Following the entry of this order, the defendants not being present in court nor represented, evidence was taken to ascertain the balance due, and thereupon a written judgment was signed and filed. In this judgment the court finds a balance of $1,549.45 due on the original indebtedness, and other expenses and cost items, making in all the sum of $2,073.72.

On April 29 defendant gave notice of appeal to this court, and at the same time filed a motion to set aside the judgment.

Later the same day he filed motion for leave to file amended answer, submitting therewith his proposed amended answer. On May 25 defendant filed another motion to set aside the judgment. These motions were denied by the court on the ground that it had no jurisdiction since the case was pending on appeal. A second notice of appeal was then given by defendant from the order refusing to set aside the judgment and allowing defendant to file his answer. Both these appeals, by stipulation, are consolidated in this proceeding.

It is settled that where notice of appeal is given, this perfects the appeal and the trial court has no further jurisdiction, Lount v. Strouss, 63 Ariz. 323, 162 P.2d 430, except as to matters not here involved. While defendant has assigned error of the trial court in refusing to consider the motions to set aside the judgment and in failing to allow the filing of an amended answer, he has made no argument in support of his assignments, and we may consider this question as abandoned and not properly before us. Matters for our determination are those cognizable only under the first appeal.

By appropriate assignment of error, defendant has presented for determination the validity of the judgment entered under the circumstances mentioned. Whether the judgment is sustainable requires consideration of the pertinent rules of civil procedure and the law relating to verification of answers in certain proceedings.

■■ Under the rules of procedure, a defendant has the right to plead by general denial if he intends in good faith to controvert all averments of the preceding pleading. Rule 8(b), section 21-405, A.C.A. 1939. Except where otherwise provided by statute or specifically by the rules, pleadings need not be verified. Rule 11, section 21-426, A.C.A. 1939. It is provided in section 21-412, A.C.A.1939, that the answer shall be on oath where equitable relief is prayed for unless waived in the complaint. Material allegations not denied under oath shall be taken as confessed. By section 21-430, A.C.A.1939, answers denying execution by the defendant, or by his authority, of instruments in writing, upon which a pleading is founded in whole or in part, or that such written instruments are without consideration, or that the consideration has failed in whole or in part, must be verified. Rule 11, section 21-426, Id., provides, "If a pleading * * * is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served."

■■ Section 21-412, Id., has long been in force in this jurisdiction. It appears to have been the chancery rule that answers, where equitable relief was prayed for in the complaint, must be verified. The statute may be considered as an affirmation of the ancient rule on this subject. While the traditional practice of chancery courts required verification of answers, it seems to have been settled that the want of verification was a defect that was properly raised by a motion to strike. 19 Am. Jur. 202, section 268, Equity. Such practice had been adopted by this court. In Hall v. Hall, 32 Ariz. 395, 259 P. 402, it was said that the proper manner to take advantage of the failure to verify a pleading, under sections 21-412 and 21-430, is by motion to strike.

■ The Hall case was decided before the adoption of the Rules of Civil Procedure for the Superior Courts. Under the present rules, it would seem that a motion to strike is confined to the following purposes: The striking of "any redundant, immaterial, impertinent, or scandalous matter * * * from any pleading", Rule 12 (f), section 21-434; or, where the pleading is "sham and false" as provided in Rule 11, section 21-426. A motion to strike does not serve the same purpose as the motion provided for in Rule 12(b), section 21-429, "(6) failure to state a claim upon which relief can be granted"; or "the objection of failure to state a legal defense to a claim. * * *" Rule 12(h), section 21-436. The latter motions test the sufficiency of a pleading, the motion to strike only its propriety in the instances mentioned in the rule. State ex rel. Moltzner v. Mott, 163 Or. 631, 97 P.2d 950. Failure to state a legal defense to a claim may be reached by motion for judgment on the pleadings. Rule 12(h), supra.

■ Plaintiff's motion for judgment on the pleadings was predicated on the

ground that the answer was sham and frivolous, and did not comply with the rules of procedure. We think these grounds were sufficient to authorize the court to treat the motion both as one to strike and for judgment. A sham pleading is defined as one good in form but false in fact. Bollen v. Woodhams, 68 Colo. 322, 190 P. 427; Black's Law Dict., 3d Ed., p. 1617. A frivolous pleading is one clearly insufficient on its face which does not controvert the material allegations of the preceding pleading "and is presumably interposed for mere purposes of delay or to embarrass the opponent." Black's Law Dict., Id., p. 821. We, therefore, consider the order of the court in allowing judgment as tantamount to sustaining a motion to strike as well as for judgment on the pleadings.

 Defendant takes the position here, and argues with considerable force, that the unverified general denial raised an issue as to the alleged balance due, and that, therefore, the court erred in sustaining the motion. It seems obvious to us that this position is not tenable. A general denial is good only if the pleader intends to controvert all averments of the preceding pleading. Rule 8(b), section 21-405, Id. Clearly the pleader, by the unverified general denial, did not intend to controvert the execution of the notes and mortgage mentioned in the complaint nor the equitable relief prayed for. These features were, under the law, deemed confessed, and since the general denial is good only if it operates as a denial of all material allegations, it must, under rule 8(b) be treated as nugatory, and under rule 11, section 21-426, considered as if it had never been served. This being so, no issue as to the net balance due was raised. We assume that the court's judgment was based upon the theory that the answer was sham and false, as suggested in plaintiff's motion, and that the action proceeded under the provisions of rule 11, section 21-426, "as though the pleading had not been served." Defendant seems to be under the impression that if the answer had been stricken on motion, he would have had the right to amend as a matter of course. This is no longer the rule. The law now is that "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise * * * only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Rule 15(a), section 21-448. No application for leave to amend was made by defendant until after notice of appeal had been given and the trial court had been divested of jurisdiction.

 Rule 12(e), section 21-433, provides that before responding to a pleading "a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. The motion shall point out the defects com-

plained of and the details desired." The provisions of Rule 12(a), section 21-428, are that responsive pleadings may be served within ten days after notice of the court's action either in denying a motion or postponing its disposition until the trial on the merits. No action was taken by the court in denying or postponing action on the motion for the bill of particulars. The trial court's order for judgment on March 1st may be considered as a denial of this motion. The defendant, pursuant to the terms of the rule, then had ten days to serve a responsive pleading. As we have already stated, the unverified general denial must be considered, in the circumstances, as nugatory, and treated as though it had never been served. It was not such a responsive pleading as to deprive him of the right to plead after action on his bill application. Patently it was in fact and law not responsive to the complaint and raised no issues. Since it had neither force nor effect, and was properly stricken or disregarded, its mere filing, in view of the rule requiring the action to proceed as though it had not been served, may not be held to deprive defendant of his right to file a proper responsive pleading under the rules.

 The record discloses that judgment was entered on the same day that adverse action on the application for the bill was had, if at all, thus depriving defendant of his ten-day period within which to file a responsive pleading. The judgment was entered prematurely. It is only after the pleadings are closed that a party may move for judgment on the pleadings. Rule 12(c), section 21-431.

 Causes should be determined on their merits rather than upon matters of procedure. Mendez v. Moya, 54 Ariz. 44, 91 P.2d 870. The rules are designed to afford parties speedy trials upon the merits, and should not be construed to deprive parties from presenting their defenses. The right to plead may not be unduly restricted. Amendments to pleadings on sustaining motions to dismiss, or for judgment on the pleadings, are allowed largely as a matter of course by the Federal courts, under rules similar to ours. Massachusetts Mut. L. Ins. Co. v. Switow, D.C., 30 F.Supp. 809; United States v. Hoover, D.C., 28 F.Supp. 556.

 We are not impressed with plaintiff's claim that the motion for bill of particulars wholly failed to comply with the law and, therefore, should not be considered. It is in no sense a model motion. It could have been properly denied. Notwithstanding this, it was in form an application for a bill of particulars, and specified fairly the details required. The plaintiff had alleged an original debt upon which payments and credits had been allowed, without specifying the items. The claim was for a net balance. Obviously, the defendant by the application for the bill wanted to secure from plaintiff a statement of the various items, credits and payments from which the net balance claimed

could be ascertained. The application was sufficient to at least require the court to enter an order of denial.

The judgment is reversed and the cause remanded with directions to allow defendant ten days after the filing of the mandate of this court with the clerk of the Superior Court within which to file answer.

STANFORD, C. J., and LaPRADE, J., concurring.