FLORENCE McKENNA et al., by Next Friend, ANNIE GREEN, Their Guardian, v. JOSEPH A. LYNCH, Appellant.

Division One, July 11, 1921.

1. **INSTRUCTION: Presumption of Fact: Contributory Negligence.** It is improper, ordinarily, to instruct a jury with reference to presumptions of fact as they relate to questions submitted for their determination after hearing the evidence. In a suit for damages for the negligent killing of a pedestrian by an automobile in the night time, an instruction telling the jury that "you are further instructed that the burden of proving contributory negligence on the part of the deceased is upon defendant; the presumption is that the defendant was in the exercise of ordinary care for his own safety at the time of his death, and this presumption continues until overthrown by a preponderance or greater weight of the evidence," is erroneous, if there was any substantial evidence whatever of contributory negligence on the part of deceased, sufficient to take the question to the jury.

2. **AUTOMOBILE AND PEDESTRIAN: Relative Rights to Street: Duties to Each Other.** A pedestrian, equally with the operator

of an automobile, has the right to be upon and use the traveled part of a public street instead of the sidewalk, and it is not as a matter of law the duty of a pedestrian, while walking along the traveled part of a highway, to turn about constantly and repeatedly to observe the possible approach of vehicles from the rear. On the contrary, such a pedestrian may assume that the operator of the automobile will exercise ordinary care in keeping a lookout; that under ordinary conditions he will be discovered by such operator; and that the operator, as he approaches, will slow down and give an audible signal with his horn; but he is also required to be on the lookout for automobiles, and to exercise ordinary care for his own protection, according to the circumstances of the situation in which he finds himself.

3. **INSTRUCTION: Contributory Negligence: None as Matter of Law.** It cannot be said as a matter of law that at the time deceased was struck by an automobile on a traveled portion of a street not customarily used by pedestrians he was in the exercise of ordinary care for his own safety, where the time was a dark night, and there was evidence that he walked straight ahead without turning his face to the right or left, and that the advancing rays of the headlight shot past him while it was a hundred yards away.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields*, Judge.

REVERSED AND REMANDED.

*Bryan, Williams & Cave* for appellant.

(1) The court erred in giving plaintiff's instruction numbered 2, for the reason that it tells the jury that there is a presumption that the deceased was exercising ordinary care, while at the same time submitting the question of his care as an issue. The evidence with reference to deceased's actions being before the jury, there was no presumption, and it was error to so instruct. Moberly v. Ry. Co., 98 Mo. 183; Schepers v. Union Depot Ry. Co., 126 Mo. 665; Meyers v. City of Kansas, 108 Mo. 480; Rodan v. St. Louis Transit Co., 207 Mo. 392; Hutchinson v. Safety Gate Co., 207 Mo. 392; Stails v. Baking Co., 223 S. W. 89; Brannock v.

Railroad, 147 Mo. App. 320; Lee v. Publishers, 55 Mo. App. 390; Mockowik v. Railroad, 196 Mo. 550; Reynolds v. Casualty Co., 274 Mo. 113; Higgins v. Railroad, 197 Mo. 300; Taylor v. Tel. Co., 181 Mo. App. 288. (2)   The court erred in giving plaintiff's instruction numbered 2 for the following reasons: (a)  When read in the light of the particular facts here, it tells the jury, as a matter of law, that it was not negligence for the deceased to walk in the traveled part of the highway in the middle of the block on a dark night, at a place other than the usual pedestrian's crossing, under the conditions existing in this case, while as a matter of fact this was certainly a question as to which reasonable minds might differ, and therefore for the jury.   Jackson v. S. W. Bell Tel. Co., 219 S. W. 659. (b)   It singles out a particular fact for the consideration of the jury, and tells them that it is not negligence, and thereby gives it special importance.   And "no instances are to be found where such a practice has not been condemned by the appellate courts of this State." Landrum v. Railroad, 132 Mo. App. 717.

*John C. Robertson* and *Phil H. Sheridan* for respondent.

(1)   Plaintiff's instruction numbered 2, telling the jury that the deceased McKenna was presumed to be in the exercise of ordinary care for his own safety, was proper in this case, as there was no evidence at all of contributory negligence on the part of said McKenna.   Buesching v. Gas Light Co., 73 Mo. 219; Riska v. Union Depot Railroad Co., 180 Mo. 168; Eckhard v. Transit Co., 190 Mo. 613; Wiegman v. Railroad, 223 Mo. 718; McGahan v. Transit Co., 201 Mo. 507; Menteer v. Fruit Co., 240 Mo. 186; Goff v. Transit Co., 199 Mo. 706; Weller v. Railroad, 164 Mo. App. 205; Stotler v. Railroad, 200 Mo. 146; Mockowik v. Railroad, 196 Mo. 550; Richter v. Railroad, 145 Mo. App. 1. (3) Planitiff's

instructions numbered 3 and 4 correctly state the law. A pedestrian and the user of an automobile have equal rights upon public highways and each is to use them, bearing in mind the rights of the other. The beggar on his crutches has the same right to the use of the streets as the driver of an automobile; each is bound to use ordinary care for his own safety and the prevention of injury to others. Thompson on Negligence, sec. 1300; Frankel v. Hudson, 271 Mo. 495; Ostermeier v. Imp. Co., 255 Mo. 135; Kinlen v. Railroad, 216 Mo. 145; Carradine v. Ford, 195 Mo. App. 684; Hodges v. Chambers, 171 Mo. App. 563; Meenach v. Crawford, 187 S. W. 879; Blackwell v. Renick, 21 Cal. App. 131; Gray v. Batchelor, 208 Mass. 441; Babbitt on Motor Vehicles, sec. 1257; Brewing v. Railroad, 180 Mo. App. 434; R. S. 1919, sec. 7593; Clark v. Missouri Auto Co., 177 Mo. App. 623; Bonger v. Ziegenheim, 165 Mo. App. 328; Berry's Auto Law, p. 114.

RAGLAND, C.—This is a suit by the guardian of the minor children of Michael McKenna, deceased, to recover of the defendant damages to said minor children for the death of the said Michael in February, 1918, resulting from being struck by an automobile driven by defendant at the time, westwardly along Laclede Avenue in the City of St. Louis, between Vandeventer and Sarah. The deceased at the time of his death was forty-eight years old, and was a moulder earning approximately $1,000 per year. He left surviving him four minor children, a girl fourteen, and three boys, aged thirteen, twelve, and nine, respectively.

The plaintiff's petition contains charges of negligence sufficiently broad to cover the instructions given to the jury.

The answer raised the issue of contributory negligence.

There was evidence tending to show that at the time of the accident it was dark—there being some dispute

as to the nearness of a street lamp to the exact scene of the accident; that the point of the accident was in the middle of the block, and at a point other than a regular pedestrian's crossing; that defendant was driving west at a speed in excess of the rate provided by ordinance, which ordinance was pleaded and proven by the plaintiff; that the defendant was accompanied by one J. E. Bowen, and this witness and the defendant both testified that as they drove west from Vandeventer Avenue and approached the scene of the accident, the headlights were burning and that they were both looking straight ahead all of the time.

The defendant testified that on account of the condition of the weather he could only see directly ahead of him and a little to each side of the machine; that he could see the street ahead of him within the radius of his headlights, and that within that radius he could see approximately 100 feet; that he came west, driving at about twelve miles an hour; that he was looking ahead all the time; that when he first saw McKenna the latter was about ten or twelve feet directly ahead of the machine in front of the left wheel; that he saw him suddenly and did not know where he came from or what he was doing, though he appeared to be walking in the same direction in which he, defendant, was going; that he had been looking straight ahead before he saw McKenna and when he saw him he threw off his power and applied his brakes and threw out his clutch and tried to turn his car; that they came to a sudden stop, his car having skidded to an angle of about forty-five degrees with the curb, and headed northwest; that the front end of the machine skidded around; that the machine did not pass over him; that after the machine was stopped McKenna was lying about fifteen feet from the left rear wheel; that under the conditions as they existed at the time of the accident he could stop his Ford in about fifteen feet; and that on this particular occasion he traveled about fifteen feet after he tried to stop his car, although on

cross-examination, he admitted that his car moved a distance of approximately forty-five after he first saw McKenna.

The testimony of the defendant was corroborated by that of Bowen in all essential particulars. No other witness saw the deceased prior to the accident.

Defendant sounded no horn or other warning and there was evidence tending to show that the defendant's automobile could, under the facts and circumstances shown in the evidence, have been stopped after the defendant saw the deceased, if the defendant had been driving at the rate of speed provided in the ordinance or at a lesser rate of speed.

On the other hand, there was evidence tending to show that the automobile of the defendant could not, under the circumstances shown in the evidence, have been stopped after the defendant saw the deceased, even though the defendant had, at the time, been going at the ordiance rate of speed or even at a lesser rate than that fixed by the ordiance.

The verdict and judgment were for plaintiffs. Defendant appeals.

The assignments of error are all predicated on the action of the court in giving and refusing instructions.

Among others, the following instruction was given at plaintiff's instance:

"You are further instructed that the burden of proving contributory negligence on the part of the deceased Michael McKenna is upon the defendant, the presumption is that the deceased was in the exercise of ordinary care for his own safety at the time of his death, and this presumption continues until overthrown by a preponderance or greater weight of the evidence.''

If there was any substantial evidence whatever of contributory negligence on the part of deceased, that is, evidence to take the case to the jury on that question, it was error to give this instruction. The impropriety, ordinarily, of instructing juries with respect to presump-

tions of fact as they relate to questions submitted for their determination after hearing evidence, has been so frequently elaborated upon in numerous decisions of this court that no additional light would be thrown upon the subject by a further discussion. [State ex rel. v. Ellison, 268 Mo. 239; Rodan v. Transit Co., 207 Mo. 392; Morton v. Heidorn, 135 Mo. 608; Ham v. Barret, 28 Mo. 388; Myers v. Kansas City, 108 Mo. 480.] As was said by BLAIR, J., in State ex rel. v. Ellison, supra (l. c. 257): "To say in an instruction to a jury, in the case of a rebuttable presumption, and when evidence has been introduced upon the question, that 'the law presumes' so and so and that such presumption 'must be overcome' or 'overthrown' by evidence, is sometimes useless, sometimes prejudical and always illogical." To so instruct the jury under the circumstances of the instant case, if error at all, was prejudicial. [Morton v. Heidorn, supra.]

The question then is: was there evidence on which defendant could go to the jury on his plea of contributory negligence? It must be conceded that a pedestrain, equally with the operator of an automobile, has the right to be upon and use the traveled part of the highway instead of the sidewalk; that it is not as a matter of law the duty of a pedestrian while walking along the traveled part of a highway to turn about constantly and repeatedly to observe the approach of possible vehicles from the rear (Blackwell v. Renwick, 21 Cal. App. 131); that on the contrary he may assume that the operator of an automobile will exercise ordinary care in keeping a lookout; that under ordinary conditions he will be discovered by such operator; and that the latter will as he approaches slow down and give an audible signal with his horn. [Sec. 7593, R. S. 1919.] In view of these correlative rights and duties of a pedestrian and the driver of an automobile, must it be said, as a conclusion of law on the facts disclosed by the record in this case, that deceased at the time he was struck was in the exercise of ordinary care for his own safety?

Deceased was walking along on the traveled portion of a street at a place not customarily used by pedestrains; it was dark; during the brief interval in which he was observed just prior to the collision, he walked straight ahead without turning his face to the right or to the left; had he earlier taken the precaution to look to the rear he could have seen the approaching car long before it reached him; the advancing rays of the headlights must have shot past him while it was yet a hundred feet away; and had he listened at all for the approach of cars he must have heard it in time to have stepped aside and avoided being struck. It is a reasonable inference that he was conscious of the approach of an automobile, or else he was so indifferent to such happening that his senses took no note of the fact. And it may be further inferred that he gave no thought to the approach of such a vehicle, or, if he was conscious of its coming, took no steps to get out of its way, because he assumed that the driver would exercise the proper degree of care and by so doing would see and avoid striking him. Had it been broad day-light and the vision of the operator of the car clear and unobstructed, deceased would no doubt have been fully justified in acting upon such assumption. But under the conditions as they existed, it was entirely possible that the driver, even if exercising ordinary care, would not have seen him until it was too late to have avoided striking him. While a pedestrian has the right to assume that drivers of automobiles will be on the lookout for him, he is also required to be on the lookout for them, and in all cases is bound to exercise ordinary care for his own protection, according to the circumstances of the situation in which he finds himself. [O'Dowd v. Newnham, 13 Ga. App. 220.] Whether deceased exercised such care, or whether he was guilty of negligence which contributed to bring about his own injury and death, was, on the facts shown by the evidence, clearly for the jury to determine. It follows that the giving of the instruction in question was error.

Other instructions given for plaintiffs are criticised, but their defects, which are essentially technical, may be avoided on another trial.

For the error noted the judgment will be reversed and the cause remanded. *Brown* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAG-LAND, C., is adopted as the opinion of the court. All of the judges concur.