(No. 5776.   May 2, 1932.)

W. C. RIGGS, Respondent, v. GEORGE W. SMITH, Appellant.

[11 Pac. (2d) 358.]

S. Ben Dunlap and W. A. Stone, for Appellant.

Thos. E. Buckner and Donald Anderson, for Respondent.

BUDGE, J.—This action was brought by respondent to recover damages for alienation of the affections of his wife by appellant. The cause was tried by the court and a jury, resulting in a verdict in favor of respondent and assessing his damage in the sum of one dollar, upon which verdict judgment was entered. Respondent thereafter made a motion for new trial, which was granted. From the order granting a new trial this appeal is taken.

Appellant assigns as error the action of the trial court in granting a new trial and in setting aside the verdict and the judgment based thereon.

The grounds upon which the motion for new trial was based, briefly stated, are as follows:

1. Irregularity in the proceedings of the court and abuse of discretion by which respondent was prevented from having a fair trial.

2. Inadequate damages appearing to have been given under the influence of passion or prejudice.

3. Insufficiency of the evidence to justify the verdict.

4. That the verdict is against law.

5. Errors in law occurring at the trial, duly excepted to by respondent.

It should be observed that the particular ground or grounds upon which the motion was granted are not stated in the order of the trial court. Under the same circumstances, this court, in *McAllister v. Bardsley*, 37 Ida. 220, 224, 215 Pac. 852, said:

"As has been frequently said by this court, where a new trial is granted the trial court should set out in its order the particular ground or grounds upon which the new trial is granted; otherwise it becomes necessary to examine the entire record for the purpose of ascertaining whether or not the order can be sustained on any ground, either speci-

fied in the motion or as disclosed by the entire record. (*Buckle v. McConaghy*, 12 Ida. 733, 88 Pac. 100; *Lowe v. Long*, 5 Ida. 122, 47 Pac. 93; *Cox v. Cox*, 22 Ida. 692, 127 Pac. 679; *Sweetzer v. Mellick*, 5 Ida. 783, 51 Pac. 985; *Smith v. Wallace Nat. Bank*, 27 Ida. 441, 150 Pac. 21.) Much time and labor would be saved if this request was complied with.''

With respect to the second ground upon which the motion was based, this is not one of the grounds of motion for new trial enumerated in C. S., sec. 6888. This court has held that the grounds for new trial are wholly statutory and are set forth in C. S., sec. 6888, and on an application for new trial the only matters which are pertinent or have legitimate relation to the subject of the inquiry are matters which relate to such statutory grounds. (*Dayton v. Drumheller*, 32 Ida. 283, 182 Pac. 102; *Jenness v. Co-operative Publishing Co.*, 36 Ida. 697, 213 Pac. 351.) In *Benjamin v. Stewart*, 61 Cal. 605, after holding that ''nominal and insufficient damages, appearing to have been given by the jury under the influence of passion or prejudice'' was not one of the statutory grounds for motion for new trial and could not be considered as such, the court said:

''It may be, that, under the fifth statutory ground for a new trial,—'insufficiency of the evidence to justify the verdict'—a party might urge that a jury found against the evidence in finding a less sum than the evidence established as the amount of damages sustained.''

And in *Lambert v. Kamp*, 101 Cal. App. 388, 281 Pac. 690, it was also said:

'' . . . . while a new trial may be granted in the case of excessive damages appearing to have been given under the influence of passion or prejudice, there is no justification in law for disturbing a verdict or finding because of passion or prejudice of a jury in giving insufficient or inadequate damages. (8 Cal. Jur. 833; *Benjamin v. Stewart*, 61 Cal. 605.) On the other hand, it is well settled that an inadequate recovery may be set aside and a new trial granted on

the ground that the evidence does not justify the verdict. (See 8 Cal. Jur. 833, and supporting authorities.)''

In the absence of indication by the trial court as to the ground or grounds upon which the new trial was granted, we have examined the record for the purpose of determining whether or not the order can be sustained on any statutory ground or grounds specified or as disclosed in the record. As it is apparent therefrom that the motion must have been granted upon the ground of insufficiency of the evidence to justify the verdict, we shall confine our attention thereto, for the purpose of ascertaining whether the evidence justified the award of damages fixed by the jury in its verdict.

The granting of a new trial on the ground of insufficiency of the evidence is addressed to the sound legal discretion of the trial court, and unless there has been a clear abuse of such discretion the order will not be disturbed on appeal, and a new trial may be allowed where the evidence is conflicting or where the trial court is satisfied that the verdict is not supported by or is contrary to the evidence. (*Stone v. Matthies,* 49 Ida. 277, 287 Pac. 951, and cases therein cited.)

In view of the fact that the granting of a new trial must be upheld, it is neither necessary nor proper to discuss the evidence further than applicable to the ground specifically considered. The evidence, though conflicting in certain particulars, establishes the following: Respondent and his wife grew up together in Kansas, and were married in 1907. In 1919 they, with their family, consisting of four children, moved to Idaho and located near Parma and Rosewell. In 1927 they moved to a farm near that of appellant, at which time they became acquainted with appellant. Prior to this time and until the fall of 1928 or spring of 1929 respondent and his wife and their family lived happily together, no serious differences having arisen to mar their association together. In 1929 appellant became ill and respondent's wife was employed in the capacity of nurse, and remained in such employment after appellant's recovery in the capacity of housekeeper. Shortly after her employment by ap-

pellant her mental attitude towards her husband and family changed and she gradually entertained a feeling of lack of affection for her husband and her family, and neglected them and her household duties to administer to the comforts and necessities of appellant. She finally abandoned her husband and family, and with the exception of a few short absences, while employed in Caldwell and elsewhere, she made her home at the home of appellant. During the time that she was not at appellant's home she was more or less in his company. Without going into further detail, there is an abundance of evidence, although contradicted by appellant, to justify the conclusion that by reason of appellant's acts and conduct towards the wife of respondent her affections were entirely alienated from her husband, which conclusion the jury reached by its verdict in favor of respondent.

The gist of the action for alienation of affections is the loss of consortium. (30 C. J. 1123, sec. 977.) This is a property right growing out of the marriage relation, for loss of which recovery may be had, and includes the exclusive right to the services of the spouse (which contemplates not so much services or reward earned as assistance and helpfulness in the relations of conjugal life according to their situation) and also the exclusive right to the society, companionship and conjugal affection towards each other. The plaintiff is not limited to a recovery of damages measured by the loss of consortium down to the date of the commencement of the action, but is entitled to damages measured by the permanent loss of the spouse's aid, comfort and companionship. (30 C. J. 1148, sec. 1026.) In addition to such injuries and loss, recovery may be had for mental and physical suffering, as well as injuries to character, feelings or reputation. (30 C. J. 1149, sec. 1026; 13 Cal. Jur. 905, sec. 88.) Conceding that it is a difficult task to determine what is a just and reasonable compensation and that it may not be possible of exact ascertainment in actions of this character, an award of one dollar damages, where such injuries are substantially proven,—and there was evi-

dence of loss of consortium, mental anguish and physical suffering and humiliation in the instant case,—would justify the trial court in granting a new trial and in doing so it would not be an abuse of discretion. If respondent was entitled to recover under the evidence, and the jury so found, it was the duty of the jury to award just damages, and just damages means adequate damages—such damages as would be compensatory for the injury sustained. As said in *Hearne v. DeYoung,* 132 Cal. 357, 64 Pac. 576, 577:

"While it thus appears that the jury has a wide discretion in assessing the amount of damages . . . . still it is the duty of the trial court to see that the jury do not abuse that discretion, in its exercise. And here, if the court deemed this verdict wholly inadequate in amount, it was its right and duty to order a new trial, and that order will not now be disturbed."

In *Bracken v. Champlin,* 114 Kan. 882, 220 Pac. 1027, plaintiff recovered a judgment based on verdict for one dollar damages for alienation of the affections of her husband. Upon an appeal from the judgment the court said:

"There was evidence which tended to prove that the defendant alienated from the plaintiff the affections of her husband. The jury must have believed that evidence. There was evidence which tended to prove that the plaintiff suffered great mental anguish and agony. One dollar was no compensation to the plaintiff for the wrong done to her, even if mental anguish be not considered. The verdict on its face shows that the jury felt compelled to return a verdict in favor of the plaintiff, but the amount of the verdict shows that the jury was influenced by passion or prejudice against her; otherwise, a verdict for $1 would not have been rendered."

In the instant case it is apparent from the record that the trial court did not err or abuse its discretion in granting the motion for new trial.

Order affirmed. Costs awarded to respondent.

Lee, C. J., and Givens, Varian and Leeper, JJ., concur.