(No. 6762.   July 6, 1940.)

RONALD J. MacDONALD, Respondent, v. CHARLES H. OGAN and POTLATCH FORESTS, INC., a Corporation, Appellants.

[104 Pac. (2d) 1106.]

Elam & Burke, Elder & Elder and Robert W. Peterson, for Appellants.

Abe Goff, for Respondent.

AILSHIE, C. J.—Potlatch is a village in Latah county of about 1,500 population. It is unincorporated and unorganized as a municipality. It is known as a "company town." Appellant, Potlatch Forests, Inc., which we will hereinafter designate as the Company, owns all the land on which the village is situated and, with a very few exceptions, all the buildings. These buildings are leased to the people (most of whom are company employees) for residences and business houses and the like. The company employs watchmen and pays their salaries; and it appears that Ogan, who is a party to this action, had been, for about sixteen years, employed by the Company as a watchman, and for approximately fourteen years held appointment as a deputy sheriff of the county. The appointment was secured on the recommendation of the Company, and the Company furnished his official bond. For all practical purposes, the Company appears to have performed the ordinary acts and duties that are required and expected of a village municipality.

Ogan's shift as watchman was from 7:30 P. M. to 5:00 A. M.; he carried a revolver, a "38-special" tear gas gun and a flashlight. While on his rounds the night of December 14, 1937, he came upon respondent and a third person scuffling and fighting in a confectionery store and on the street; several blows were struck between the parties. After repeated warnings and orders, to cease fighting and disturbing the peace, Ogan fired the tear gas gun, thereby inflicting serious injury to respondent's right eye and causing the loss of the sight thereof. The testimony disclosed that Ogan had had the tear gas gun in his possession for "about eight or ten years" but had never discharged it prior to this night; that he used the gas gun instead of the pistol because he "didn't want to kill

the man." Ogan testified that, when he tried to separate respondent and the other party, they were standing up but "practically the same instant" the gun was fired, the third party hit respondent in the face; that,—"they weren't on the ground, they were low down." Respondent testified that he "never hit the ground." The boys had been drinking beer but denied being intoxicated at the time.

An action for damages was brought by respondent against appellants for the sum of $28,958. After a jury trial, verdict was returned in favor of defendants. On motion of plaintiff, a new trial was granted, from which order this appeal is taken.

The only question to be determined in this case is whether or not the trial judge abused his discretion in granting a new trial. The motion for a new trial was made on various grounds,—insufficiency of evidence to justify a verdict, an erroneous instruction, and misconduct of the jury in failing to follow the instructions of the court.

It should be remembered that, in passing upon a motion for a new trial, the appellate court applies a different rule to the consideration of an order *granting a new trial* from what it applies to the *denial of a new trial*. This difference is predicated on the grounds that, where a new trial is granted, both parties are put back in the status in which they found themselves on the original trial; and each party has his chance to present the case anew to the court and jury. Whereas, an order denying a motion for a new trial terminates the case and denies the losing party any chance of resubmitting his case or having it again heard by the court and jury. So it has been held by this court that,

"where there is a substantial conflict in the evidence the verdict of a jury or findings of the court will not be set aside on appeal, does not apply to a trial court on an application for a new trial." (*Jones v. Campbell,* 11 Ida. 752, 755, 84 Pac. 510.)

In *Buckle v. McConaghy,* 12 Ida. 733, 737, 88 Pac. 100, this court said:

"Since this is an appeal from the order granting the motion, it is only necessary for us to ascertain whether or not the order can be sustained on any ground named in the

motion and assignments and specifications of errors. It would be otherwise, if this were an appeal from an order denying the motion. In that event it would become necessary for us to examine all the assignments and determine whether there was merit in any of them.''

And in *Tidd v. Northern Pac. Ry. Co.,* 46 Ida. 652, 656, 270 Pac. 138, the court said:

''The granting of a new trial for insufficiency of the evidence is by no means a declaration that no conflict exists. If absence of such conflict were 'a prerequisite for the granting of a new trial, judges could seldom discharge their incumbent duty to grant one for insufficiency of the evidence, however convinced of perjury or miscarriage of justice. The rule of the last case has been repeatedly sustained during succeeding years, notably by *Buckle v. McConaghy,* . . . . ''

See, also, the following cases: *Brown v. Macey,* 13 Ida. 451, 455, 90 Pac. 339; *Egbert v. Twin Falls Canal Co.,* 52 Ida. 39, 42, 11 Pac. (2d) 360; *Turner v. First Nat. Bank, etc.,* 42 Ida. 597, 601, 248 Pac. 14; *Caravelis v. Cacavas,* 38 Ida. 123, 128, 220 Pac. 110; *Trask v. Boise King Placers Co.,* 26 Ida. 290, 300, 142 Pac. 1073; *Baillie v. City of Wallace,* 22 Ida. 702, 709, 127 Pac. 908; *Say v. Hodgin,* 20 Ida. 64, 68, 116 Pac. 410; *Buster v. Fletcher,* 22 Ida. 172, 182, 125 Pac. 226; *Gray v. Pierson,* 7 Ida. 540, 545, 64 Pac. 233; *Brossard v. Morgan,* 6 Ida. 479, 482, 56 Pac. 163; *Jacksha v. Gilbert,* 4 Ida. 738, 740, 44 Pac. 555.

This appeal illustrates the great importance of trial courts specifying the grounds on which a new trial is granted. We have frequently pointed out the desirability of such a practice and recommended its adoption by the courts. (See *Penninger Lateral Co., Ltd., v. Clark,* 20 Ida. 166, 167, 117 Pac. 764; *Wolfe v. Ridley,* 17 Ida. 173, 176, 104 Pac. 1014, 20 Ann. Cas. 39; *Riggs v. Smith,* 52 Ida. 43, 45, 11 Pac. (2d) 358; *McAllister v. Bardsley,* 37 Ida. 220, 224, 215 Pac. 852.

Here eleven specifications of grounds for new trial were made in the trial court; three of the specifications were directed against the sufficiency or insufficiency of the evidence, seven of them charged that the jury disregarded instructions numbered 3, 5, 6, 7, 8, 9, and 10 given by the court as the law of the case and pointed out the respects in which the

instructions were ignored. The other specification consists in the charge that the court erred in giving to the jury his instruction No. 4A. The order of the court simply granted the motion.

We have examined the evidence given in the case and find a conflict in some of the essential facts to be passed upon by the jury. That conflict is sufficiently marked and raises enough doubt on at least one crucial fact to set in action the discretion of the court; and that discretion having been exercised *in favor of a new trial,* we would not be justified in disturbing its exercise under the rule prevailing in this jurisdiction. (Cases above cited.)

We therefore refrain from consideration of any other specification enumerated, except that relating to instruction 4A. We deem it necessary to consider this instruction because of the conclusion we have reached, that the order granting a new trial must be affirmed and the case will have to be tried again, in which event the court will, no doubt, be requested to instruct the jury on the same issue of law that is covered by this instruction. The instruction reads:

"You are instructed that the acts of the defendant Charles H. Ogan, at the time of the alleged injury to the plaintiff, are presumed to have been done in his capacity as a public officer, and the burden is on the plaintiff to prove by a preponderance of the evidence that defendant Charles H. Ogan was not acting as a peace officer but in the performance of his duties to the Potlatch Forests, Inc."

It is contended by respondent that this instruction "would apply only in case the plaintiff had introduced no evidence showing the acts of the defendant Ogan were within the course of his employment and in the furtherance of the instructions given him by such employer. It is well settled that it is error for a trial Court to charge on legal presumptions unless they are expressly defined by statute. Legal presumptions are for the guidance of the Court in the application of the law."

In support of this position, respondent cites: *Honrath v. New York Life Ins. Co.,* 65 S. D. 480, 275 N. W. 258, 260, 112 A. L. R. 1272; *McKenna v. Lynch,* 289 Mo. 16, 233 S. W. 175, 176; *Bailey v. Bailey,* (Mo.) 11 S. W. (2d) 1026,

1027; *Alpine Forwarding Co. v. Pennsylvania R. Co.*, 60 Fed. (2d) 734, 736; *Jennings v. Sovereign Camp, W. O. W.*, (Tex. Civ. App.) 296 S. W. 961, 962; *Stooksberry v. Swan*, 85 Tex. 563, 22 S. W. 963, 967; *Swoboda v. Nowak*, 213 Mo. App. 452, 255 S. W. 1079, 1083; *Black v. Continental Casualty Co.*, (Tex. Civ. App.) 19 S. W. (2d) 69, 71; 9 Wigmore on Evidence, 3d ed., sec. 2491.

Much has been written by both courts and textwriters dealing with the subject of presumptions (both of law and fact), and in the end it comes to this: that, in certain circumstances, the definite existence of a given fact raises the legal inference that an attendant or associated fact existed at the same time or flowed therefrom. It may cast an added burden of proof on the plaintiff as is, in effect, claimed in this case, or it may shift the burden to the adversary. In the present case the instruction placed the *burden on plaintiff* of proving by facts or circumstances that defendant Ogan, when he discharged the "gas gun" at plaintiff, then and there *"was not acting as a peace officer but in the performance of his duties* to the Potlatch Forests, Inc." It is admitted that he was at the time a deputy sheriff. Under this instruction it became the duty of the jury to determine whether the proof (of facts or circumstances) justified the conclusion that he was acting, when he discharged the gun, in the performance of his duties to the company or as a peace officer. After all, the existence of the presumption, under the circumstances of this case, is of no substantial benefit to defendant nor detriment to plaintiff, since the burden of proof already rested on plaintiff. It must also be remembered that this is not a case where either plaintiff or defendant rested his case on a naked presumption and without the submission of proofs.

Mr. Wigmore, in volume 9, third edition of his treatise on Evidence, at section 2491, page 289, after an instructive discussion of the subject, says:

"Nevertheless, it must be kept in mind that the peculiar effect of a presumption 'of law' (that is, the real presumption) is merely to invoke a rule of law compelling the jury to reach the conclusion *in the absence of evidence to the contrary* from the opponent. If the opponent *does* offer evidence to the contrary (sufficient to satisfy the judge's requirement

of such evidence), the presumption disappears as a rule of law, and the case is in the jury's hands free from any rule.''

Mr. Justice Blume of the Supreme Court of Wyoming, speaking for the court in the case of *Worth v. Worth,* 48 Wyo. 441, 49 Pac. (2d) 649, 103 A. L. R. 107, has written a very able and scholarly review of the authorities on this subject and, among other things, quotes the following statement from Professor Morgan of the Harvard Law School:

''A presumption, then, will utterly fail of its purpose as to any issue to be decided by the jury if it vanishes upon the mere introduction of evidence which makes the issue one for the jury; it will best justify its existence if it persists until the evidence persuades the jury that the presumed fact does not exist, or at least, that its non-existence is equally as probable as its existence. There is no difficulty in framing or applying an instruction which will enable it to perform this most desirable office. Consequently, one of the two views should be adopted. . . . . The conclusion then is that most presumptions should, where applicable at all, continue to operate unless and until the evidence persuades the trier (of fact) at least that the non-existence of the presumed fact is as probable as its existence.''

These quotations and the cases cited by their authors furnish confusing evidence of the divergent views of distinguished law writers on the weight and persistence of presumptions of fact raised by the practical administration of the law in its endeavors to mete out substantial justice.

In the case at bar, the presumption operated against the plaintiff on whom already rested the burden of proof. In order to satisfy this presumption and avoid a nonsuit, it was necessary for plaintiff to prove some fact or circumstance from which the jury might fairly conclude that the act complained of was committed in course of ''performance of his duties to [his employer] the Potlatch Forests, Inc.'' Under the circumstances of this case, where the burden of proof already rested on plaintiff, and after the proofs were all in, it was unnecessary for the court to advise the jury of a presumption which had already served its purpose and forced the production of the evidence from both parties, as to the facts and circumstances of the case. This holding is not in conflict with

the rule followed in *Geist v. Moore,* 58 Ida. 149, 70 Pac. (2d) 403, to which we still adhere. There the presumption arose in favor of the plaintiff and relieved her from the necessity of introducing evidence to establish the fact presumed by law Here the presumption arose *against the plaintiff* on whom the burden already rested, obliging him to introduce some evidence before putting the defendants to their proofs.

The order of the trial court granting a new trial is affirmed. Costs awarded to respondent.

Holden, J., concurs.

GIVENS, J.—I concur except in the condemnation of Instruction No. 4A. The giving of such instructions has uniformly been upheld by this court. (*Department of Finance v. Union Pac. R. R. Co., ante,* p. 484, 104 Pac. (2d) 1110; *Geist v. Moore,* 58 Ida. 149, 70 Pac. (2d) 403, and cases therein cited.)

Budge, J., concurs.