264 P.2d 1021

**SANCHOTENA  v.  TOWER CO. et al.**

**No. 7943.**

Supreme Court of Idaho.

Dec. 28, 1953.

Nielson & Nielson, Burley, Rayborn, Rayborn & Kramer, Twin Falls, for appellants.

Herman E. Bedke, Burley, for respondent.

THOMAS, Justice.

Appellants, hereinafter referred to as defendants, appealed from an order of the court below granting the motion of respondent, hereinafter referred to as plaintiff, for a new trial.

The action was instituted by plaintiff to recover damage to his crops in the sum of $8310 claimed to have been suffered by reason of the defendants' having failed to deliver a pump that would pump 200 miner's inches of water from the Snake River to his farm lands located west of Burley in Cassia County, Idaho.

Plaintiff was entitled to pump 250 miner's inches of water for irrigation purposes upon his lands from the Snake River when such water was available during the irrigation season. In the month of December, 1950, he negotiated with defendants for the purchase of and did purchase from them a pump for the purpose of pumping water from said river for such irrigation purposes; defendants contracted to deliver a pump on or about March 1, 1951, which would pump 200 miner's inches of water from said river upon the lands of plaintiff; plaintiff was not familiar with or informed with respect to pumps of this nature and so advised defendants and stated to them that he would rely upon them in selecting and installing a pump

which would meet his needs; plaintiff agreed to pay defendants $1100 for the pump; the payment of $375 was made at the time the contract was entered into and the balance though due and payable was not paid at the time the action was started.

In reliance upon the agreement, and with full knowledge by defendants of the plaintiff's plans to prepare the lands and plant crops, plaintiff did timely prepare and plant approximately 120 acres of grain in the spring of 1951 with the expectation that water would be delivered upon the land when needed through operation of the pump which he had purchased; on or about April 26, 1951, defendants installed the pump upon the premises of plaintiff; thereupon plaintiff turned it on and it would not deliver in excess of 75 miner's inches of water; within a few days the flow decreased to approximately 30 inches; defendants were notified and made several trips to the farm in an attempt to determine the trouble and correct it; little or no improvement was made in connection with the flow of the water until on or about June 16, 1951, at which time a new impeller was installed and thereafter the pump delivered not in excess of 164 inches of water; there was evidence that the crops planted suffered from the lack of sufficient water to properly mature them even though plaintiff was diligent in the application of water upon the lands after the new impeller was installed.

Defendants answered the complaint and filed a counterclaim for the balance of the purchase price in the sum of $725 and $52.82 for the cost of a new impeller.

The matter was tried before a jury which returned a verdict for plaintiff in the sum of $1318 and a verdict for defendants on their counterclaim in the sum of $777.82 and judgment was accordingly entered for plaintiff in the sum of $540.18 together with costs.

Thereafter plaintiff made a motion for a new trial upon the following grounds: (1) Accident or surprise, which ordinary prudence could not have guarded against. (2) Newly discovered evidence material for the plaintiff, which he could not, with reasonable diligence, have discovered and produced at trial. (3) Insufficiency of the evidence to justify the verdict. (4) Error in law, occurring at the trial, and excepted to by the plaintiff.

After considering the motion the court made an order granting a new trial upon the ground the evidence was insufficient to justify the verdict. From such order this appeal is taken.

The appeal presents the question of whether the trial court abused its legal discretion in granting a new trial. When a motion for a new trial is granted every reasonable presumption in support of the order is indulged and unless it is made to affirmatively appear from the record that the court has abused such discretion the order granting a new trial will be sustained.

■ Where a motion for a new trial is based on numerous grounds and it is granted in general terms, without setting forth the grounds upon which it is granted, it will not be reversed upon appeal if it can be justified on any of the grounds upon which the motion was made. Hall v. Johnson, 70 Idaho 190, 214 P.2d 467; Tidd v. Northern Pacific Ry. Co., 46 Idaho 652, 270 P. 138; Turner v. First Nat. Bank of Bancroft, 42 Idaho 597, 248 P. 14; McAllister v. Bardsley, 37 Idaho 220, 215 P. 852; 66 C.J.S., New Trial, § 210(3), page 541.

On the other hand, if the court in the order granting a new trial expressly states the grounds upon which it is granted this court on appeal will determine the appeal upon the issue of whether the particular ground stated would justify the granting of the motion. Idaho Gold Dredging Corp. v. Boise Payette Lumber Co., 52 Idaho 766, at page 778, 22 P.2d 147; see also Checketts v. Bowman, 70 Idaho 463, 220 P.2d 682; Mendez v. Moya, 54 Ariz. 44, 91 P.2d 870; 66 C.J.S., New Trial, § 210(4), page 542.

In this connection the record discloses that the court granted the motion solely upon the ground that the evidence was insufficient to support the verdict. In the motion for new trial plaintiff urged that the evidence was insufficient to support the verdict for the reason that it was inconsistent and contradictory because it was first necessary for the jury to conclude that there was a breach of warranty before any award of damages could be made to plaintiff; that the jury having necessarily concluded that there was a breach of warranty in order to bring in any verdict for plaintiff it is urged that plaintiff should not have been required to pay the full purchase price of a pump which would pump 200 inches of water when he did not receive such a pump; that if defendants were to recover anything whatever upon their counterclaim it should have been the reasonable value of a pump that would pump not in excess of 164 inches of water.

The contention of plaintiff briefly stated is simply this: that the verdict rendered presents the inescapable conclusion that the jury concluded there was a breach of warranty but, even so, in their verdict they found for defendants for the full amount of the unpaid balance of the purchase price of a pump which he contracted to purchase but which defendants did not deliver.

■ The plaintiff elected to retain the pump as he might do, sec. 64–507, subd. 1 (b), I.C., and bring an action against defendants for damages for the breach of warranty of quality. Generally, under such circumstances the measure of damages is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty. Sec. 64–507, subd. 7, I.C. Additionally, the buyer

would be entitled to recover any special damages, such as loss of crops, adequately alleged and proved.

A thorough and painstaking examination and study of the record discloses that there is neither allegation nor proof with respect to the value of the pump at the time of delivery; moreover, the complaint seeks damages only for the loss of crops; upon a conflict in the evidence damages were awarded for loss of crops; the jury without pleading or proof could not bring in a verdict for the difference between the value of the pump at the time it was delivered to plaintiff and the value it would have had if it had answered to the warranty.

■ This court is firmly committed to the rule that a trial court possesses a discretion to be wisely exercised in granting or refusing to grant a new trial and that such discretion will not be disturbed on appeal unless it clearly appears to have been exercised unwisely and to have been manifestly abused. Baldwin v. Ewing, 69 Idaho 176, 204 P.2d 430; Poston v. Hollar, 64 Idaho 322, 132 P.2d 142; Riggs v. Smith, 52 Idaho 43, 11 P.2d 358.

■■ Such discretion must be a sound judicial discretion founded upon reason arising out of the law and the evidence in the particular case. Baldwin v. Ewing, supra. This power to either grant or refuse a new trial is statutory but is not absolute. Where, as here, there is a total failure of proof of evidence of the value of the pump delivered, there is no basis furnished for the exercise of such discretion. A new trial granted on the insufficiency of the evidence in this respect would constitute an abuse of judicial discretion.

■ The notice and specification in support of the motion for a new trial also asserts that the evidence was insufficient to justify the verdict in that the amount of damages awarded plaintiff was inadequate because it was equivalent to the loss of 6 bushels per acre on 120 acres at $1.83 per bushel; that the lowest estimate of the capability of the land to produce with an adequate supply of water, according to the evidence, was 35 bushels to 40 bushels per acre; that it yielded 1660 bushels. This is in substance a contention that the jury found against the evidence by awarding inadequate recovery. This comes under the statutory ground of the insufficiency of the evidence to justify the verdict. Riggs v. Smith, 52 Idaho 43, 11 P.2d 358; Poston v. Hollar, 64 Idaho 322, 132 P.2d 142.

The evidence in reference to the damage to the crops although conflicting in some respects briefly establishes the following: there was a good stand of grain on the land on May 1, 1951; it was suffering from the lack of water on May 15, 1951; on or about June 1st of that year it had thinned out and was dry and the ground hard; on or about June 15, 1951, the grain had headed out and was only about a foot high with only a few kernels in each head except on a 5-acre tract which was near the first outlet of the pipe; this 5-acre tract

had an ample supply of water and produced 52 bushels to the acre; the remaining 115 acres, having suffered from the lack of water, produced only 1400 bushels or an average yield of approximately 12 bushels per acre; the verdict of the jury in the sum of $1318 was equivalent to damage to the crops to the extent of 6 bushels per acre. One of the witnesses for plaintiff testified that he had farmed similar land, though not quite as rough, in the same general area, by the same method of irrigation, a few years earlier and testified under cross-examination that the first year he planted such land to grain it yielded between 35 and 40 bushels per acre; a witness called by defendant testified that the type of soil of plaintiff's land was comparable to adjoining farms on both sides of it and was likewise comparable in its capability to produce.

Here we are not considering the *refusal* of the trial court to grant a new trial on the ground that the evidence was insufficient to justify the verdict because such damages were excessive and were the result of passion or prejudice, 10–602, subd. 5, I.C., as in Gardner v. Hobbs, 69 Idaho 288, 206 P.2d 539, 14 A.L.R.2d 478; Garrett v. Taylor, 69 Idaho 487, 210 P.2d 386, and Hepp v. Ader, 64 Idaho 240, 130 P.2d 859; in each of these cases this court sustained the order of the trial court in refusing to grant a new trial.

We are considering the action of the trial court in *granting* a new trial on the ground of the insufficiency of the evidence to justify the verdict in that it was allegedly inadequate. We are asked to set aside, not sustain, the order of the trial court.

■ This court applies a different and more liberal rule when considering an order of the trial court *granting a new trial* than it applies when the trial court *denies a new trial*. Poston v. Hollar, 64 Idaho 322, 132 P.2d 142; MacDonald v. Ogan, 61 Idaho 553, 104 P.2d 1106. When a new trial is granted the parties are placed in the same status as they found themselves on the original trial, with an opportunity to present the case to the court and jury again.

■ This court has, in such cases as this, committed itself to the rule that where the trial court entertains the opinion that the verdict is not in accord with law or justice, Poston v. Hollar, supra; Egbert v. Twin Falls Canal Co., 52 Idaho 39, 42, 11 P.2d 360, or is satisfied that the verdict is not supported by or is contrary to the evidence, Riggs v. Smith, 52 Idaho 43, 11 P.2d 358; Stone v. Matthies, 49 Idaho 277, 287 P. 951; Hall v. Johnson, 70 Idaho 190, 214 P.2d 467, or is convinced that the verdict is not in accord with the clear weight of the evidence and that the ends of justice would be subserved by vacating it, Tidd v. Northern Pacific Ry. Co., 46 Idaho 652, 270 P. 138, Turner v. First Nat. Bank of Bancroft, 42 Idaho 597, 248 P. 14, it may grant a new trial. Such matter is addressed to the sound legal discretion of the trial court and will

not be disturbed by this court unless it appears to have been exercised unwisely and manifestly abused.

■ The probative force and effect of the evidence is ultimately for the determination of the trial court upon the hearing of a motion for a new trial; this is so even though there is no conflict therein. Hall v. Johnson, supra; Tidd v. Northern Pacific Ry. Co., supra; the trial judge is in possession of many sources of information of value in an inquiry as to whether justice has prevailed or miscarried which is not nor can be made available to this court; he sees the witnesses, observes their demeanor on the witness stand, and notes their apparent candor and fairness, or its absence. Poston v. Hollar, supra.

■ We cannot say under all the facts and circumstances disclosed by the record that the trial court failed to exercise its legal discretion wisely nor that there was a manifest abuse of such discretion so reposed in it in granting a new trial upon the ground of the inadequacy of the award of damages to the crops.

The order granting a new trial is affirmed.

Costs to respondent.

GIVENS and KEETON, JJ., concur.

TAYLOR, Justice (concurring in part and dissenting in part).

I concur in the opinion by Justice THOMAS, except as to the conclusion reached, and the application of the rules of law therein relied on for affirmance. The record suggests that the insufficiency of the evidence found by the trial judge as the ground for a new trial, is that the verdict is inconsistent in that it finds for both parties on the issue of breach of warranty, and hence is not supported by the evidence. This is the view respondent takes of the ground for new trial. He states it thus in his brief:

"The principal issue therefore in this appeal is this: In an action for damages for breach of warranty of fitness of a pump to pump 200 inches wherein defendants counterclaim for the full unpaid balance of the purchase price, together with cost of repairs of the pump, and where the verdict of the jury is self-contradictory, inconsistent and repugnant by allowing the plaintiff damages for breach of warranty and at the same time awarding the defendants· the *full* remaining unpaid balance of the purchase price, is an order of the court granting a new trial on the grounds of insufficiency of the evidence to justify the verdict or that it is against law an abuse of judicial discretion?"

As shown in Justice THOMAS' opinion, the verdict was not inconsistent. On the contrary, it was entirely consistent with the case made by the pleadings and proof. And, being consistent with the pleadings and proof, the verdict was not "against

law." Thus, the grounds which respondent urged to support the court's order vacating the verdict are not sustained by the record.

We recognize, as well stated by Justice THOMAS, that the trial judge is vested with a broad discretion in the granting of a new trial. For that reason, this court will not determine the issue upon purely technical grounds. The grounds asserted having failed, we examine the record to determine whether or not the jury's verdict, freed from the alleged inconsistency, is otherwise supported by the evidence. In so doing, we find in addition to that part of the evidence reviewed in the opinion by Justice THOMAS, as to damage to the crops, there are other facts which support the verdict. When the pump was first turned on so much water was delivered that respondent's ditches were not adequate to handle it; that he shut the pump down in order to make further preparations to handle the water; that while it was thus idle, the sump or basin in the river bed where the pump was located filled with sand, covering the pump to a depth of a foot above the bowl; that this faulty location and failure to protect the pump by an intake pipe, as requested by the appellant, were matters determined by and chargeable to the respondent; that when the pump was turned on again the impeller blades were so damaged by rotating in sand that a new impeller became necessary. It is evident the jury found this damage to be the fault of respondent since they in their verdict charged him with the cost thereof. These facts, together with the evidence as to the character and productivity of the land are ample to support the jury in allowing a lesser sum for crop damage than respondent claims he should have had. So, even though a larger verdict would have been sustainable, if the jury had taken the view of the evidence which respondent contends they should have taken, they were not required so to do. The amount of the damage is always for the jury to determine. Unless the amount fixed by the jury is so excessive, or so inadequate, that it appears to have been influenced by passion or prejudice, or the verdict appears to have resulted from errors in law, it should not be set aside.

"It is generally held, on the other hand, that it is improper or unnecessary to set aside a verdict that is not clearly or decidedly against the evidence—or a verdict that is not clearly or decidedly against the weight of evidence, where there is some evidence or sufficient evidence to support the verdict. Moreover, it is usually held that a new trial should not be granted because the verdict appears to be against the mere preponderance of the evidence, even though there is ample evidence to sustain a verdict for the other party, and this rule has been held applicable when there is evidence on both sides or some evidence to support the verdict * * *." 66 C.J.S., New Trial, § 70, pages 213–216.

Nelson v. Inland Motor Freight Co., 60 Idaho 443, 92 P.2d 790; Owen v. Taylor, 62 Idaho 408, 114 P.2d 258; Gardner v. Hobbs, 69 Idaho 288, 206 P.2d 539, 14 A.L. R.2d 478; Garrett v. Taylor, 69 Idaho 487, 210 P.2d 386; Checketts v. Bowman, 70 Idaho 463, 220 P.2d 682.

In other words, where the jury's verdict is based upon substantial and competent evidence, uninfluenced by passion or prejudice, and it accords with law, it is binding on the courts, barring, of course, other grounds for a new trial with which we are not here concerned.

"In the trial of civil cases, it is the province of the jury to consider the whole volume of testimony, estimate and weigh its value, accept, reject, reconcile, and adjust its conflicting parts, and be controlled in the result by that part of the testimony which it finds to be of greater weight. The jury is the exclusive judge of the evidence, and must in reason be the exclusive judge as to what constitutes the preponderance of the evidence. Accordingly, where the jury have reached a conclusion after having given consideration to evidence which is sufficient to support a verdict, the decision should not be disturbed by the court." 39 Am. Jur., New Trial, § 133, p. 143. Reinhold v. Spencer, 53 Idaho 688, 26 P.2d 796; In re Estate of Randall, 60 Idaho 419, 93 P.2d 1.

There is nothing in this record to indicate that the action of the trial judge in setting the verdict aside was the result of any conviction on his part that there had been a miscarriage of justice, arising out of anything occurring at the trial which would not be apparent to a reviewing court. On the contrary, the record indicates that his action was not based upon such a theory.

The order granting the new trial should be reversed.

PORTER, C. J., concurs.