313 P.2d 1073

**COAST TRANSPORT, Inc., Plaintiff-Respondent,**

v.

**James E. STONE, Defendant-Appellant.**

No. 8465.

Supreme Court of Idaho.

July 24, 1957.

Elam & Burke, Boise, for respondent.

Richards, Haga &· Eberle, Boise, for appellant.

**TAYLOR, Justice.**

On January 15, 1955, a collision occurred between a tractor and trailer, owned by plaintiff (respondent), and a truck and trailer, owned by defendant (appellant). Plaintiff brought this action for damages. Defendant cross-complained. Upon trial the jury returned its verdict in favor of defendant for the full amount prayed for in the cross complaint, $12,145. Judgment was entered for that amount.

Plaintiff filed a motion for a new trial. The grounds alleged were insufficiency of the evidence, and errors in law occurring at the trial. Among the specifications of insufficiency of evidence plaintiff alleged the evidence does not justify the amount of the verdict. After hearing, the court entered its order on the motion as follows:

"2. That defendant and cross-complainant file with this court within ten days, a waiver of any sum exceeding the total of $738.00, together with costs, or the court will, and does by this Order, grant a new trial on the issues raised by the cross complaint of the defendant and the answer of the plaintiff thereto.

"3. In the event that cross-complainant files the waiver aforesaid, the sum of $738.00, together with costs shall be the Judgment of this court in favor of cross-complainant and against the cross-defendant in the above entitled action."

Defendant brings this appeal from the order.

The assignments are that the granting of the new trial was erroneous, and the trial court erred in holding, in effect, that the evidence was insufficient to justify the verdict in excess of $738.

Upon the trial it was stipulated that the cost of repairs to defendant's "tractor" (cabover Kenworth truck), was $590, and the cost of towing it, $148, or a total stipulated damage of $738. Claiming total destruction of his trailer, defendant testified that vehicles of that type were not commonly bought and sold on the market; that it was a special utility insulated van; that the manufacturer's price for a new one at the time of the accident was $11,500; that he bought it, with the truck, when it was two years old. "I bought them as a unit from an individual." Although asked on cross-examination, he did not say how much he paid for the trailer. He also testified he had had the trailer "not quite a year."

Defendant, as owner, did not testify to the value of the trailer, nor as to its con-

dition, at time of collision. He stated it had an average life of eight years and that he arrived at its value by depreciating the manufacturer's price by the sum of $1,450 a year for three years. He also testified he received $350 salvage for the wrecked trailer. Calculated in this manner, defendant's loss on the trailer would be $6,800. The jury gave him $8,500.

The defendant also claimed, and was awarded, $1,800 for loss of profits from the operation of the truck and trailer for a period of two months following the collision. His testimony in support of this loss consists of a statement of his gross receipts for the months of October, November, December, and the half of January preceding the accident, and then taking the average of that gross, or $4,001.18 per month, as his forecasted gross for the two months following the accident. He says from past experience his profit would be 25% of gross. On cross-examination he mentioned his books, but no records were produced. His statement of the percentage of profit appears to be an estimate. This method of establishing loss of profits was held inadequate in O'Brien v. Best, 68 Idaho 348, 194 P.2d 608, and in Nelson v. Oversmith, 69 Idaho 1, 201 P.2d 747. In the latter case, the court said:

"Respondent testified only as to his gross income of $1,240 for the eleven months preceding the fire and although he said he kept books, he did not show

his net profit for the period he operated or that the gross was all profit to him. His testimony as to loss of $100 per month was by the words of the question propounded to him nothing but an estimate. Such evidence alone is not competent and cannot sustain the finding of the court in regard thereto because it was first a pure estimate (O'Brien v. Best, [68 Idaho 348] 194 P.2d 608), and second, if not an estimate, it was based only upon gross receipts, which are not sufficient proof of damages." Nelson v. Oversmith, 69 Idaho 1, at page 5, 201 P.2d 747, at page 749.

See also Williams v. Bone, 74 Idaho 185, 259 P.2d 810; McNichols v. J. R. Simplot Co., 74 Idaho 321, 262 P.2d 1012; 4 Restatement of Torts, § 912, comment d.

Defendant also claimed, and was awarded, $1,000 for loss of his own personal earnings as driver of his truck for two months following the collision. He testified he paid his driver 25% of gross, that he was driving with no driver during that period and so figured his loss of earnings at 12½%. How this percentage is arrived at does not appear. He also testified he had another outfit and that he was back in business driving the other unit within a month after the collision. Defendant did not testify as to the time required for repair of his truck or when it was put back in service; yet it was a part of the unit upon which he calculated his loss of profits.

Finally, the jury awarded $250 expenses incurred in getting the truck back on the road and moving the trailer. The cost of moving the trailer was not covered by the stipulation nor testified to at the trial.

■ It is readily apparent from the foregoing that the evidence does not support the verdict in the amount fixed by the jury. The only items which were free from estimation or speculation were those covered by the stipulation.

"The remedy for excessive verdicts rests largely with the trial judge, whose duty it is to carefully weigh the evidence and not allow a verdict to stand for a greater amount than the evidence will reasonably justify. [Authorities cited.] In exercising this prerogative the judge is not allowed to substitute his opinion for that of the jury. He should act to reduce the verdict or grant a new trial only in cases where it is clearly excessive and unsupported by the evidence." Checketts v. Bowman, 70 Idaho 463, at page 467, 220 P. 2d 682, at page 684.

■ The trial court exercises a wide discretion in ruling on a motion for new trial. In cases where a new trial has been granted the record will be liberally construed in support of the order. MacDonald v. Ogan, 61 Idaho 553, 104 P.2d 1106; Hall v. Johnson, 70 Idaho 190, 214 P.2d 467; Davis v. Rogers, 72 Idaho 33, 236 P.2d 1006; Sanchotena v. Tower Co., 74 Idaho 541, 264 P.2d 1021; Walker v. Distler, 78 Idaho 38, 296 P.2d 452; Woodland v. Lyon, 78 Idaho 79, 298 P.2d 380.

■ Appellant recognizes the foregoing rules. He urges that here, there being no conflict in the evidence as to damages, its sufficiency presents a question of law, and, as such, is not addressed to the discretionary power of the trial court. In such case he urges the trial court cannot set aside the verdict if there is any evidence at all sufficient to sustain the verdict. He would apply the rule governing in the case of a motion for a directed verdict. That rule is comparable to the one which governs this court, in cases of appeals taken on the ground of insufficiency of the evidence, to the effect that where there is any competent evidence to sustain the verdict, though conflicting, it will not be set aside. We have held such a rule not applicable to the trial court in passing upon a motion for a new trial. MacDonald v. Ogan, supra; Davis v. Rogers, supra.

"The probative force and effect of the evidence is ultimately for the determination of the trial court upon the hearing of a motion for a new trial; this is so even though there is no conflict therein. [Authorities cited.] The trial judge is in possession of many sources of information of value in an inquiry as to whether justice has prevailed or miscarried which is not nor can be made available to this court;

262

* * *." Sanchotena v. Tower Co., 74 Idaho 541, at page 548, 264 P.2d 1021, at page 1025.

The trial court did not err in granting a new trial, nor in conditioning the new trial upon defendant's refusal to waive the items of damage as to which the proof was insufficient.

The order is affirmed. Costs to respondent.

KEETON, C. J., and SMITH and McQUADE, JJ., concur.

PORTER, J., sat at the hearing, but did not participate in the decision.