421 P.2d 130

Ray RICARD, Plaintiff-Respondent,

v.

Don GOLLEN, Defendant-Appellant.

No. 9772.

Supreme Court of Idaho.

Dec. 7, 1966.

Bandelin & Cogswell, Sandpoint, for appellant.

Greene & Hunt, Sandpoint, for respondent.

TAYLOR, Justice.

About May 1, 1961, plaintiff (respondent) leased certain farm land to defendant (appellant) for a period of one year at the agreed rental of $500.00. The lease was thereafter extended for two additional one-year terms by endorsement on the original lease. The last term extended from May 4, 1963, to April 1, 1964. The rent was paid for the first two terms and this action was commenced to recover judgment for $500.00 rent for the third term.

Defendant cross-complained, alleging:

"That the plaintiff intentionally and without the consent of the defendant, during the term of this lease and on or about April of 1963, entered into possession of said premises and commenced a logging operation over and across the leased property. That during his logging operations, the plaintiff or his employees did negligently allow the gates to said property to remain open, permitting defendant's cattle to escape, which act caused the defendant undue worry, work and expense in securing said cattle.

"In addition, the plaintiff, after April of 1963, removed a fence between the pasture land and the hay land of said property, making it impossible for the de-

fendant to maintain cattle on the property and to grow hay or a garden thereon at the same time.

"That the plaintiff, after April of 1963, moved into the grainery building on the property, tore out the inside of a house on the property which the defendant was using, removed the stoves from the house, and threw out and destroyed certain seed beans which defendant had stored there.

"That because of the negligent, wrongful, intentional and continuous acts of the plaintiff, defendant could no longer occupy said premises for raising cattle, gardening or farming purposes as he had previously used said property, and the defendant was forced to abandon the property and remove his cattle therefrom."

Special damages were alleged by defendant, totaling $3,320.00. Defendant further claimed $500.00 general damages for rental value of the unexpired term.

The cause was tried to a jury and resulted in a verdict and judgment in favor of the defendant and against the plaintiff in the sum of $1,500.00, and dismissal of plaintiff's complaint with prejudice.

Plaintiff moved for a new trial alleging as grounds therefor:

"(1) That damages as allowed to defendant and against the plaintiff are contrary to law,

"(2) That the facts presented at the trial do not justify the verdict.

"(3) That erroneous elements of damage were allowed, over objection, to be presented to the jury,

"(4) That the jury in awarding damages disregarded the Court's instructions."

The conditional order entered by the court on the motion was as follows:

"It is hereby ordered, adjudged and decreed that plaintiff's motion for a new trial be denied; provided, the defendant file with the Clerk of the Court his remitter and agreement to accept the sum of $500.00 damages herein. Said filing aforesaid shall be made on or before the 19th day of September, 1965, or an order granting a new trial shall be entered."

Without complying with the order, defendant brought this appeal therefrom.

Defendant contends that the condition in the order requiring remitment of $1,000.00 of the amount of the judgment was error in that, first, the evidence was sufficient to support the verdict for the full amount; second, that no notice of motion for a new trial was filed or served; and third, that the motion for a new trial was fatally defective in failing to state whether it was made upon evidence, the records and files, or the minutes of the court.

■ - The trial court possesses a wide discretion in granting or refusing a new trial. This court will not interfere with the exercise of that discretion "unless it clearly appears to have been exercised unwisely and to have been manifestly abused." Sanchotena v. Tower Co., 74 Idaho 541, 264 P.2d 1021 (1953); Poston v. Hollar, 64 Idaho 322, 132 P.2d 142 (1942); MacDonald v. Ogan, 61 Idaho 553, 104 P.2d 1106 (1940).

In MacDonald v. Ogan, supra, it was said that this court would take a more liberal view of the sufficiency of the record to sustain an order granting a new trial, than it would in the case of an order denying a new trial, and would affirm the order if it could be sustained on any ground specified.

We have also held that the trial judge may grant a new trial where he is of the opinion that the verdict is not in accord with law or justice; or that it is not supported by, or is contrary to, the evidence. Warren v. Eshelman, 88 Idaho 496, 401 P.2d 539 (1965); Sanchotena v. Tower Co., supra.

"* * * it is the settled practice of this court where there is a substantial conflict in the evidence, the verdict of the jury or findings of the court will not be disturbed on appeal. That rule, however, is not applicable to the trial court when passing upon a motion for a new trial, for if there is a substantial conflict in the evidence, the trial court hav-

ing seen the witnesses on the witness stand, observed their demeanor and heard them testify, on proper application should grant a new trial regardless of such conflict if he concludes that there has been a miscarriage of justice by the verdict of the jury." Jones v. Campbell, 11 Idaho 752, 755, 84 P. 510, 511 (1906).

Coast Transport, Inc. v. Stone, 79 Idaho 257, 313 P.2d 1073 (1957) Davis v. Rogers, 72 Idaho 33, 236 P.2d 1006 (1951); MacDonald v. Ogan, supra.

In this case the trial judge was convinced that the evidence would not justify a judgment for more than $500.00 damages resulting from plaintiff's interference with defendant's leasehold.

"The remedy for excessive verdicts rests largely with the trial judge, whose duty it is to carefully weigh the evidence and not allow a verdict to stand for a greater amount than the evidence will reasonably justify. * * * In exercising this prerogative the judge is not allowed to substitute his opinion for that of the jury. He should act to reduce the verdict or grant a new trial only in cases where it is clearly excessive and unsupported by the evidence.

"In this case we think the trial court was correct in finding the verdict excessive. However, in a case such as this, where no other ground for a new trial is found than that the evidence does not support the amount of the verdict, and it does not appear to the trial judge that the amount was influenced by passion or prejudice, or other irregularity, which may be avoided on a new trial, then he should go further and condition the new trial on a refusal of the prevailing party to remit that part of the verdict which in his judgment is excessive." Cheeketts v. Bowman, 70 Idaho 463, 467, 220 P.2d 682, 684 (1950).

Nichols v. Sonneman, 91 Idaho 199, 418 P. 2d 562 (1966); Mendenhall v. MacGregor Triangle Company, 83 Idaho 145, 358 P.2d 860 (1961); Coast Transport, Inc. v. Stone, supra; McCandless v. Kramer, 76 Idaho 516, 286 P.2d 334 (1955); Geist v. Moore, 58 Idaho 149, 70 P.2d 403 (1937).

Defendant contends that the evidence so strongly supports the amount of damages found by the jury, that he should not have been compelled to remit a portion thereof on pain of a new trial.

■ Defendant was not actually evicted. Plaintiff's acts were rather an interference with defendant's possession. Plaintiff had moved back onto the property and had commenced logging operations thereon, in April, 1963, and was residing there when the last extension agreement was made in May, 1963. Plaintiff's logging operations interfered with, but did not prevent, defendant's use of the farm and pasture land on the premises. By the judgment defendant was released from the rental obligation of $500.-00. This, together with the amount of recovery allowed him by the court's order, made a total of damages recovered of $1,-000.00. Though the record would indicate substantial conflicting evidence supporting the verdict, under the rule of MacDonald v. Ogan, supra, we find no abuse of discretion in the making of the order appealed from.

Plaintiff cites I.C. Rule 10–604, and Barker v. McKellar, 50 Idaho 226, 296 P. 196 (1930), in support of his contention that the trial court had no jurisdiction to rule upon plaintiff's motion for a new trial because no notice of intention had been filed, and that plaintiff's motion did not specify whether it was made upon affidavits, the records and files, or the minutes of the court.

In the Barker case it was held that the requirement of the statute, 10–604 (now a rule of this court, appendix Idaho Code, Vol. 2), were jurisdictional and that failure to comply therewith was fatal to a motion for a new trial. However, since the adoption of Idaho Rules of Civil Procedure, particularly Rules 50(b), 50(c), 59(c) and 59 (d), failure to comply with the requirements of statutory Rule 10–604 does not ipso facto oust the court of jurisdiction to grant a new trial. IRCP Rule 59(d) provides:

"Not later than ten (10) days. after entry of judgment the court of . its own

initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

 The motion filed by plaintiff was sufficient, under the rules to invoke and keep alive the jurisdiction of the court conditionally to grant a new trial.

Order affirmed. Costs to respondent.

The appeal from the order tolled the running of the period allowed defendant to comply with the remitter condition therein, to the date of filing of our remittitur in the trial court. Borrow v. El Dorado Lodge, 75 Ariz. 218, 254 P.2d 1027 (1953); 4 Am. Jur.2d Appeal and Error § 365; I.C. § 13–211.

McFADDEN, C. J., and McQUADE, SMITH and SPEAR, JJ., concur.